

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-25-2009

# Vassos Marangos v. Cecily Swett

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4146

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Vassos Marangos v. Cecily Swett" (2009). *2009 Decisions.* Paper 1126.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1126

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-201                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4146
_____

VASSOS MARANGOS,
                                        Appellant

v.

CECILY CATHERINE SWETT; LAND OPTIONS INC.;
APEX FINANCIAL GROUP INC; ENCORE CREDIT CORP.;
OPTION ONE MORTGAGE CORP.; SELECT PORTFOLIO SERVICING INC.;
MICHAEL A. GUADAGNO, NJ Superior Court Judge,
in their personal and official capacities

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 07-05937)
District Judge:  Honorable Freda Wolfson

_____

Submitted for Possible Dismissal Due To A Jurisdictional Defect
or Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 29, 2009
Before: RENDELL, HARDIMAN and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  June 25, 2009)
_____

OPINION
_____

PER CURIAM

       Appellant Vassos Marangos appeals from an order of the United States District

Court for the District of New Jersey, dismissing his complaint for failure to state a claim upon which relief may be granted.  See Fed. R. Civ. P. 12(b)(6).

This case arises out of the contested divorce of Vassos Marangos and Cecily Catherine Swett.  The pertinent facts, thoroughly set forth by the District Court, are well known to the parties and will not be repeated here.  In December 2007, Marangos filed a complaint in the United States District Court for the District of New Jersey, naming as defendants Swett, Judge Michael Guadagno of the New Jersey Superior Court, and a variety of financial institutions and businesses that participated in the refinancing of Marangos's home mortgage in 2006.  Apex Financial Group was the mortgage broker who prepared the refinancing application, Encore Credit Corporation (referred to as "Performance Credit Corporation") provided the refinancing mortgage loan,[1] Land Options was the title company, and Option One Mortgage Corporation and its successor, Select Portfolio Servicing, serviced the mortgage for Performance Credit.

Marangos claimed that Swett conspired with and fraudulently used Guadagno to obtain favorable rulings in the divorce proceedings and that she conspired with the refinancing defendants to obtain all of the proceeds from the refinanced loan.  In particular, he claimed that the refinancing defendants failed to inform him of a lis pendens Swett had placed on the marital home before he signed a loan agreement for

---

[1]  Encore Credit's name has been changed to "Performance Credit Corporation."  We will refer to it as Performance Credit in this opinion.

2

refinancing, held the refinancing proceeds in escrow instead of giving the money to him, and ultimately paid out the majority of the proceeds to Swett and to the Child Support Agency with no notice to him. He claimed violations of 42 U.S.C. § 1983, the Federal Truth in Lending Act ("TILA"), and civil RICO, 18 U.S.C. § 1962(c). He raised state law claims against all defendants for violation of New Jersey's Unfair and Deceptive Acts and Practices Act, intentional and/or negligent infliction of emotional distress, fraud, deception and violation of privacy laws, and "malicious abuse, misuse, and use of process" against Swett and Judge Guadagno. He also included two claims entitled, "Public Employee Wrongfully Enforcing the Law" and "Continuous Tort" (in which he alleged that Swett and Guadagno's actions began in 2004, and that the rest of the Defendants' acts began in 2006). He sought injunctive relief and damages.

With the exception of Apex Financial Group (which was not served), the defendants filed separate motions to dismiss pursuant to Rule 12(b)(6). The District Court dismissed all claims against Judge Guadagno as barred by the doctrine of absolute immunity. In a separate opinion and order, the District Court dismissed all claims against the remainder of the defendants for failure to state a claim. Marangos timely appealed the orders dismissing his Complaint with prejudice.[2]

---

[2] Upon the joint motion of the parties, we dismissed the appeal with prejudice as to Option One Mortgage Corporation on January 15, 2009. See Fed. R. App. P. 42(b).

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[3] Marangos has filed a motion to dismiss the appeal as to Judge Guadagno pursuant to Fed. R. App. P. 42(b). The motion is granted, and the appeal is dismissed with prejudice as to Judge Guadagno. Swett, Land Options, Performance Credit, and Select Portfolio Servicing remain as appellees. Upon de novo review of the record and careful consideration of Marangos's response to the notice of possible summary action, we conclude that no substantial question is presented on appeal and that summary action is warranted. See LAR 27.4 and I.O.P. 10.6.

As the District Court correctly noted, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A

---

[3] In October 2008, the Clerk's Office notified the parties that the order appealed appeared not to be a final order because it did not dispose of the matter as to Apex Financial Group and no Fed. R. Civ. P. 54(b) certification had issued. Marangos filed a response to the jurisdictional question. In February 2009, the Clerk's Office gave the parties notice that the matter would be considered for possible summary action, to which Marangos, among others, has responded. He asserts that summary action should be stayed pending resolution of the jurisdictional question. We may, and will, resolve all pending questions here, however. Generally, without a Rule 54(b) certification, this Court lacks appellate jurisdiction to review orders that are not final as to all claims and all parties. In this appeal, however, no Rule 54(b) certification was needed because the District Court had dismissed the complaint against Apex Financial Group for failure to effect service of process. See Fed. R. Civ. P 4(m). "[A] named defendant who has not been served is not a 'party' within the meaning of Rule 54(b)." Gomez v. Gov't of Virgin Islands, 882 F.2d 733, 735-36 (3d Cir. 1989) (citing other cases). Thus, the orders appealed are final as to all claims and all parties, and we have jurisdiction under 28 U.S.C. § 1291.

4

claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant(s) are liable for the misconduct alleged. See Ashcroft v. Iqbal, ___ S. Ct. ___, 2009 WL 1361536, *12 (May 18, 2009) (citing Twombly at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. Well-pleaded factual content is accepted as true for purposes of determining whether the complaint states a plausible claim for relief. Id. at *13. The assumption of truth does not apply, however, to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Id. "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." Id. (quoting Fed. R. Civ. P. 8(a)(2)).

We agree with the conclusion of the District Court that Marangos failed to state a claim under 42 U.S.C. § 1983 as to Land Options (the title company), Performance Credit (the mortgagor), Select Portfolio (the loan servicer), and Swett.[4] Here, the Complaint contains no factual content as to Select Portfolio's or Performance Credit's involvement in the divorce proceedings. Marangos only alleges that the state actor, Judge Gaudagno,

---

[4] Marangos asserted that Swett and Guadagno violated § 1983 by depriving him of due process, access to the courts, and equal protection. He claimed that Judge Guadagno allowed Swett and the mortgage and refinancing defendants to "usurp and steal" his property rights from him and to "steal and extort" his assets in the escrow account. He claimed that all of the defendants acted in concert to deprive him of his constitutional rights in an effort to "extort, defraud, and embezzle monies from plaintiff." Complaint, ¶ 119.

5

made two phone calls in chambers during Family Court hearings to Land Options to confirm the amount held in escrow. Viewing these allegations as true, the factual matter falls far short of permitting us to infer a plausible connection among Land Options, Performance Credit, and/or Select Portfolio, all private corporations, and a governmental agency or official such that their private actions would constitute "state action."[5] See Lugar v. Edmondson Oil Co., 457 U.S. 922, 939 (1982); Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995) ("A private action is not converted into one under color of state law merely by some tenuous connection to state action").

The factual matter in the Complaint is also insufficient to allege a plausible connection or conspiracy among the defendants to deprive him of his constitutional rights under § 1983. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556-57 (2007); see also Kost v. Kozakiewicz, 1 F.3d 176, 185 (3d Cir. 1993) (holding that establishing the existence of an 'understanding' for § 1983 conspiracy purposes is really nothing more than another way to show state action under § 1983 when a private party is alleged to have violated that statute). Marangos's claims that Swett used the court system to ruin him and that Judge Guadagno unlawfully issued decisions in her favor also fail to state a

_____

[5] Marangos asserted in the District Court that the refinancing defendants were state actors because they were subject to government regulation. See Brief in Opposition to Defendants' motions to dismiss, at 45-51. However, "[t]he mere fact that a business is subject to state [or federal] regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment." Jackson v. Metropolitan Edison, Co., 419 U.S. 345, 350 (1974).

claim.  See Dennis v. Sparks, 449 U.S. 24, 28 (1980) (noting that "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge").

To the extent that he made any allegations against Land Options, Performance Credit, or Select Portfolio under the TILA, as amended by the Home Ownership and Equity Protection Act of 1994 (HOEPA), we conclude that Marangos failed to state a claim for relief that is plausible on its face.  Under the TILA, creditors must meaningfully disclose all credit terms to consumers in order to avoid the uninformed use of credit.  See 15 U.S.C. § 1601(a).  Under the HOEPA, creditors must meet certain meaningful disclosure requirements regarding financial information in the case of high cost mortgage loans.  See U.S.C. §§1602(aa)(1) & 1639 (describing information that must be disclosed to consumer by creditor, including annual percentage rate and monthly payment); 12 C.F.R. § 226.32(c) ("Section 32" of Regulation Z of the Truth in Lending Regulations) (same).  Assuming, arguendo, that the claims are not time-barred and that Land Options, Performance Credit, and Select Portfolio are "creditors" under 15 U.S.C. § 1602(f) and Regulation Z, Marangos made no allegation that they failed to comply with the statute's specific financial disclosure requirements.

We will affirm the District Court's dismissal of Marangos's civil RICO claims as to Swett, Land Options, Performance Credit, and Select Portfolio substantially for the reasons stated in the District Court's Memorandum Opinion.  In order to make out a civil

7

RICO claim, Marangos must allege and show, among other things, "a pattern of racketeering activity that included at least two racketeering acts."[6] See United States v. Irizarry, 341 F.3d 273, 286 (3d Cir. 2003) (listing "a pattern of racketeering activity" as one of four elements of a RICO claim). Here, Marangos alleged theft and wire and mail fraud as predicate acts.[7] As the District Court correctly held, Marangos's theft allegations do not constitute predicate acts under § 1961(1). See Annulli v. Panikkar, 200 F.3d 189, 199 (3d Cir. 1999), overruled on other grounds by Rotella v. Wood, 528 U.S. 549, 554-55 (2000). As for the mail and wire fraud allegations, the District Court correctly determined that they are subject to the elevated pleading standard of Fed. R. Civ. P. 9(b). See Warden v. McClelland, 288 F.3d 105, 114 (3d Cir. 2002). Rule 9(b) requires particularity when pleading fraud, but it allows factual matter concerning malice, intent, and knowledge, to be alleged generally under "the less–than–rigid–though still operative–strictures of Rule 8." Iqbal, 2009 WL 1361536, at *17.

---

[6] Marangos listed the alleged predicate acts in Count Six of the Complaint as follows: (1) mail fraud; (2) wire fraud, (3) Swett and Judge Guadagno deprived Marangos of access to the courts, allowing Swett to extort, defraud, embezzle, steal, and "cause unbridled plundering" of his property and the proceeds from his refinanced home mortgage; (4) the refinancing defendants conspired to steal Marangos's property and money (including their fees); (5) Swett and Judge Guadagno falsified documents and engaged in ex parte communications in order to gain unlawful access to refinancing proceeds that were held in escrow; and (6) "circumventing the entire court process to steal plaintiff's assets." Complaint at 33-34, ¶ 142.

[7] The Complaint contains nine allegations that refer to some kind of communication involving certain defendants. See Complaint at ¶¶ 32, 39, 67, 75, 78, 88, 92, 99, and 100. Paragraph 32 alleges a communication between Apex Financial and Marangos. Because Apex Financial is not a party, we see no need to consider this allegation further.

To the extent that the allegations pertaining to predicate acts contain legal conclusions couched in factual allegations, the allegations need not be accepted as true. For instance, the allegation that "Defendants Swett, Land Options, and Judge Guadagno, are involved in a cover-up and criminal and civil conspiracy to violate Plaintiff's Due Process and Equal Protection Rights, along with violating his fundamentally secured Property Rights" is merely a recitation of legal terms that enjoys no assumption of veracity. Complaint at ¶ 99; see also id. ¶ 142(c). Moreover, the Complaint contains no factual matter from which we can reasonably infer, under Rule 9(b), that Performance Credit, Option One, and Select Portfolio, engaged in wire or mail fraud. The Complaint alleges, however, that Judge Guadagno spoke by phone with Land Options and that he had ex parte communications of some nature with Swett. Id. at ¶¶ 67, 75, 88, and 92. Assuming, arguendo, that these allegations meet the standard of particularity required by Rule 9(b), and assuming their veracity, we agree with the District Court that they are insufficient under the less rigid pleading standard set forth in Rule 8(a)(2) to permit a plausible inference of a scheme or an intent to defraud by Land Options or Swett.

Finally, the District Court did not act inappropriately in declining to exercise supplemental jurisdiction over Marangos's state law claims. See Baraka v. McGreevey, 481 F.3d 187, 210 (3d Cir. 2007).

Accordingly, we will affirm the judgment of the District Court. As noted, Marangos's appeal as to Judge Guadagno is dismissed with prejudice pursuant to Rule

9

Fed. R. App. P. 42(b). Marangos's motions for appointment of counsel, for an initial hearing en banc, for oral argument, and to stay execution of summary action are denied.