Charles GOMEZ, Appellant,

v.

GOVERNMENT OF the VIRGIN IS-
LANDS, Department of Public Safety &
Police Benevolent Association, Appel-
lees.

No. 88–3172.

United States Court of Appeals,
Third Circuit.

Argued April 24, 1989.

Decided Aug. 10, 1989.

Lolita d'Jones (argued), Law Offices of Winston A. Hodge, P.C., Christiansted, St. Croix, U.S. Virgin Islands, for appellant.

Edward Haskins Jacobs (argued), Jacobs and Brady, Christiansted, St. Croix, U.S. Virgin Islands, for appellee Police Benevolent Ass'n.

Denise R. Reovan, Richard O. Baker (argued), Office of Collective Bargaining, Charlotte Amalie, St. Thomas, U.S. Virgin Islands, for appellee Government of Virgin Islands.

Before HUTCHINSON, COWEN and GARTH, Circuit Judges.

## OPINION OF THE COURT

HUTCHINSON, Circuit Judge.

### I.

In this case we must decide what statute of limitations applies to a hybrid contract/breach of the duty of fair representation action brought under the Virgin Islands Public Employee Labor Relations Act (PELRA), V.I.Code Ann. tit. 24, §§ 361–383 (Equity Supp.1988) against an employer and a union. The District Court for the District of the Virgin Islands, analyzing the action as a Labor Management Relations Act (LMRA) § 301 hybrid contract/fair representation claim, applied the six month statute of limitations in § 10(b) of the NLRA, 29 U.S.C.A. § 160(b) (West 1973), granted summary judgment for the Department of Public Safety (Department) and dismissed the complaint as untimely. After allowing Gomez to amend his complaint, the district court concluded that the statute of limitations was not equitably tolled because Gomez failed to allege with particularity his claim that Gomez's union, the Police Benevolent Association (PBA), fraudulently concealed its withdrawal of his arbitration request. The district court again granted summary judgment to the Government and dismissed Gomez's complaint.

We hold that the district court erred in applying the six month limitations period of NLRA § 10(b) to this case which arises under § 383 of PELRA. We also hold that PELRA § 379 does not provide a limitations period for civil actions brought under § 383. Finally, because the general statutes of limitations enacted by the Virgin Islands legislature to govern civil actions apply by their terms to all cases for which no limitations period is otherwise expressly provided, we hold that there is neither need nor basis to apply either NLRA § 10(b)'s or PELRA § 379's six month limitations period to hybrid civil actions. See V.I.Code Ann. tit. 5, § 31 (Equity 1967 and Supp. 1988). Since the shortest applicable general statute of limitations is two years, Gomez's complaint was timely filed and we must reverse the district court's order granting summary judgment against him and remand for further proceedings.

### II.

Gomez was a police officer employed by the Department and a member of the PBA. His employment was governed by a collective bargaining agreement (agreement) between the Department and the PBA. By letter dated June 4, 1984, the Department notified Gomez that charges had been filed against him for three separate violations of Department rules; the letter also gave the date and time of the hearing. Appellant's Appendix (App.) at A25–27. Gomez received the letter on June 15, 1984. He did not personally appear at the hearing before Chief of Police George A. Washington, but was represented by the PBA. On July 2, 1984 Chief Washington recommended that Gomez be dismissed. Department's Supplemental Appendix (Supp.App.) at SA–59–61. Commissioner Otis L. Felix concurred in the recommendation on July 19, 1984. Id. at SA–62.

On July 24, 1984, Commissioner Felix sent Gomez a letter notifying him that he was dismissed effective July 2, 1984. Id. at SA–64–66. The letter asked him to return all of his police equipment. It also advised him of his right to appeal under Article V of the agreement. Gomez signed

the letter as received on July 30, 1984.[1]

On August 2, 1984, Gomez's attorney, Frank Ford III, asked the PBA to start arbitration proceedings. App. at A28. Ford again requested arbitration on August 21, 1984. *Id.* at A29. On August 31, 1984, the PBA asked the Department to participate in Article V arbitration for Gomez. Supp.App. at SA–70. The PBA withdrew the arbitration demand on April 9, 1985.[2] App. at A30. Gomez was not copied on either letter. The Department and PBA claim that Gomez was notified both orally, before the request was withdrawn, and in writing when the PBA sent him a copy of his file along with its April 9, 1985 letter withdrawing the request for arbitration. *See* Affidavit of Ancil Alexander, President of PBA, App. at A43. Ford received nothing in writing from the PBA but somehow learned of the withdrawal in May, 1986. *Id.* at A17, A31. Gomez maintains that he knew nothing of the withdrawal until Ford told him about it in May, 1986. *Id.* at A17.

Gomez filed a complaint in district court on September 5, 1986 against both the Department and the PBA, alleging that the Department breached its contract with him by improperly discharging him and that the PBA breached its duty to fairly represent him by refusing to arbitrate his claim. He sought reinstatement to his position as a police officer with full back pay and reasonable costs and attorney fees. *Id.* at A4–5a.

The Department filed motions to dismiss and for summary judgment. The district court granted summary judgment for the Department on July 16, 1987. The district court concluded *sua sponte* that because "Gomez's complaint is a hybrid contract/unfair labor practice claim against the PBA, ... he is entitled to raise the federal jurisdiction of this Court." *Id.* at A6.[3] However, it held that Gomez's complaint was time-barred because the six month federal statute of limitations applied.

On July 27, 1987, Gomez filed a motion to alter the judgment, alleging for the first time that the PBA fraudulently concealed its withdrawal of his arbitration request from him. Such action, if true, would have tolled the statute of limitations. The district court reinstated the complaint and allowed Gomez to amend it. After the amended complaint was filed, the Department renewed its motion for summary judgment. On February 9, 1988, the district court again granted summary judgment and dismissed Gomez's complaint with prejudice because Gomez's amended complaint failed to recite any facts tending to show that the PBA or the Department were culpable in concealing the arbitration denial. Gomez appealed the February 9, 1988 order on March 8, 1988.

### III.

■ We must first consider whether we have before us a final appealable order pursuant to 28 U.S.C.A. § 1291 (West Supp.1989). Gomez's original complaint set forth a claim against the PBA based on its duty of good faith representation as well as a claim against the Government for breach of contract. Gomez did not effect service on the PBA before the district court dismissed the action. Thus the PBA was not a party to any of the motions or orders of the court, including its February 9, 1988 order. That order does not specify whether the complaint was dismissed as to the PBA, the Government, or both.[4]

In a case involving multiple claims and parties, a district "court may direct the

---

1. A second letter dated August 3, 1984 from Felix "formally" notified Gomez of his termination. *Id.* at SA–67. Gomez received it on August 18, 1984.

2. Presumably the arbitration was withdrawn because Gomez failed to return his police equipment. Gomez refers to this in a letter to his counsel dated June 19, 1986. App. at A32.

3. The court noted that Gomez's failure to serve the PBA did not change the character of his claim. App. at A6.

4. We note that the caption of Gomez's amended complaint did not show the PBA as a defendant. App. at A8. We also note that the docket sheet indicates in handwriting that the complaint was dismissed "as to [the] Gov't." *Id.* at A3.

entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed.R.Civ.P. 54(b). There was no Rule 54(b) certification in this case. However, a named defendant who has not been served is not a "party" within the meaning of Rule 54(b). *Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 39 n. 1 (3d Cir.1988); *De Tore v. Local # 245 of the Jersey City Pub. Employees Union*, 615 F.2d 980, 982 n. 2 (3d Cir.1980); *United States v. Studivant*, 529 F.2d 673, 674 n. 2 (3d Cir.1976). Therefore, the PBA was not a "party" and, under Rule 54(b), the district court's February 9, 1988 order was final as to all claims and parties for purposes of 28 U.S.C.A. § 1291 (West Supp.1989).[5] We therefore have appellate jurisdiction. We exercise plenary review over the question of which statute of limitations should apply to an action brought pursuant to § 383 of PELRA.

### IV.

■ On the merits we first address the district court's treatment of Gomez's suit as a federal hybrid § 301 contract/fair representation claim. Gomez argues that the district court was not entitled to impose federal jurisdiction on the parties because they did not allege it or raise it as an issue. Neither Gomez's original complaint nor his amended one alleges a statutory basis for jurisdiction. App. at A4, A8.

**5.** On March 4, 1988, four days after Gomez filed this appeal, the PBA filed an answer to Gomez's amended complaint alleging, *inter alia,* ineffective service. We do not believe that the filing of the PBA's answer affected the "finality" of the February 9, 1988 order for purposes of appeal. Once Gomez filed his appeal, jurisdiction over the merits of the case transferred to this Court. *Venen v. Sweet,* 758 F.2d 117, 120 (3d Cir.1985). On remand, the district court will be free to address any issues raised by the filing of the PBA's answer.

**6.** As the United States Supreme Court recently explained, departure from state law on limitations is exceptional. Where Congress has created a federal cause of action but has failed to furnish an express statute of limitations, the Supreme Court has concluded that Congress intended that the courts apply the most closely

■ The six month limitations period adopted in *DelCostello v. International Bhd. of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983) for suits brought under LMRA § 301 does not apply to this case, which arises under PELRA, V.I.Code Ann. tit. 24, § 383(a).[6] The Virgin Islands legislature has enacted a statute, PELRA, which governs labor relations between public employers and their employees. PELRA gives concurrent jurisdiction to both the territorial and the district court. V.I. Code Ann. tit. 24, § 383(a). Nevertheless, the district court analyzed Gomez's complaint as one under the NLRA, which only applies to private sector employers and their employees. *See Crilly v. Southeastern Pa. Transp. Auth.*, 529 F.2d 1355, 1357 (3d Cir.1976) (NLRA does not apply to public sector employers). We therefore hold that the district court erred in applying federal law rather than PELRA in this case.

By its terms, PELRA applies to Gomez's action and the parties now agree that the action is brought under it. Brief for Appellant at 7; Brief for Appellee Department at 5; Brief for Appellee PBA at 10. Therefore, we look to PELRA to see whether it contains or incorporates a statute of limitations for suits brought pursuant to it.

### V.

The Virgin Islands legislature enacted PELRA to "provide for orderly and con-

analogous statute of limitations under state law. *Reed v. United Transp. Union,* — U.S. —, 109 S.Ct. 621, 625, 102 L.Ed.2d 665 (1989). While an exception to that rule has been recognized, *Holmberg v. Armbrecht,* 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946) (refusing to apply state statute to an action to enforce federally created equitable right), that exception is a narrow one. As the Court made clear in *DelCostello,* "in labor law or elsewhere," application of a federal statute will be unusual, and "resort to state law remains the norm for borrowing of limitations periods." *DelCostello,* 462 U.S. at 171, 103 S.Ct. at 2294, *quoted in Reed,* 109 S.Ct. at 625.

Thus, even where a federal cause of action is asserted, resort in the first instance should be to state [territorial] law. *A fortiori,* here where the parties agree that the action is brought under Virgin Islands law, it is the law of the Virgin Islands which should be applied.

structive relationships between public employers and their employees." V.I.Code Ann. tit. 24, § 361. PELRA sets out the rights of public employees regarding labor organizations. *Id.* § 363. It provides for the creation of the Public Employees Relations Board (PERB), and gives PERB the power to certify and decertify representatives of appropriate bargaining units, establish rules, conduct hearings, and carry out other duties, similar to those performed by the NLRB. *Id.* §§ 364–366, 370–373. PELRA also governs the subject matter of negotiations between public employers and labor organizations, as well as employee strikes, bargaining impasses, and what constitutes an unfair labor practice. *Id.* §§ 374–378. It provides that "[a]ny party aggrieved by the action of another, which action is believed to be a violation of this chapter, may complain of such violation in writing to the PERB...." *Id.* § 379(a). Complaints must be filed within "180 days after the alleged violation is known to the complaining party." *Id.* PELRA also provides for concurrent territorial and federal district court jurisdiction in suits for violation of a contract between a public employer and a union, as well as in suits by the public employees against a union. *Id.* § 383.[7] While it is entitled "Suits by and against labor organizations," § 383 does not limit who may bring a suit against a public employer or a union, nor does it indicate whether there are any procedural prerequisites to the bringing of a § 383 suit.

■■■ Under general principles of labor law, an employee's only remedy for a breach of contract by an employer is the grievance and arbitration procedure provided by his collective bargaining agreement. *See DelCostello*, 462 U.S. at 163, 103 S.Ct. at 2289.[8] However, when that employee has no control over his grievance during the arbitration process and the union representing the employee breaches its duty to fairly represent him, the employee by necessity has a cause of action to pursue his rights under the contract. *See Vaca v. Sipes*, 386 U.S. 171, 186, 87 S.Ct. 903, 914, 17 L.Ed.2d 842 (1967); *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 572, 96 S.Ct. 1048, 1060, 47 L.Ed.2d 231 (1976). "In such an instance, an employee may bring suit against both the employer and the union, notwithstanding the outcome or finality of the grievance or arbitration proceeding." *DelCostello*, 462 U.S. at 164, 103 S.Ct. at 2290. Therefore, based on *DelCostello*, *Vaca*, and *Hines*, we conclude that an employee proceeding under PELRA § 383 must bring both a claim against the public employer for breach of contract and a claim against the union for breach of fair representation simultaneously. "The employee may, if he chooses, sue one defendant and not the other; but the case he must prove is the same whether he sues one, the other, or both." *DelCostello*, 462 U.S. at 165, 103 S.Ct. at 2291.

---

7. That section provides, in relevant part:

§ 383. Suits by and against labor organizations

   (a) Suits for violation of contracts between a public employer and an exclusive representative, or between labor organizations, may be brought in any court of this Territory having jurisdiction of the parties, including the Federal District Court, without respect to the amount in controversy or without regard to the citizenship of the parties.

   (b) Any exclusive representative of public employees of this Territory shall be bound by the acts of its agents. Any such exclusive representative may sue or be sued as an entity and in behalf of the employees whom it represents in the courts of this Territory, including the Federal District Court. Any money judgment against an exclusive representative in a court of this Territory, including the Federal District Court, shall be enforceable only against the labor organization as an entity and against its assets, and shall not be enforceable against any individual member or his assets.

V.I.Code Ann. tit. 24, § 383(a), (b).

8. This Circuit ordinarily uses decisional law interpreting the NLRA when interpreting or applying PELRA. *See District 2A, Transp., Technical, Warehouse, Indus. & Serv. Employees Union v. Government of the Virgin Islands*, 794 F.2d 915, 918 (3d Cir.1986) (PELRA construed "in light of case law interpreting national labor law and policy"); *Virgin Islands Nursing Ass'ns Bargaining Unit v. Schneider*, 668 F.2d 221, 223–24 (3d Cir.1981) (using decisional cases of federal labor law in interpreting whether PELRA requires arbitrators to make written findings of fact).

■ Section 383 itself does not contain or expressly incorporate a statute of limitations. We must therefore look to see whether any other statute of limitations within the body of Virgin Islands law expressly applies to this action. Because § 383 is patterned after § 301 of the LMRA, 29 U.S.C.A. § 185 (West 1978), it would normally be appropriate to analogize from case law under § 301 in interpreting that section. *Crispin v. Government of the Virgin Islands*, Civil No. 1987/119, slip op. at 5–6 (D.V.I. Oct. 3, 1988) (per curiam). The Department therefore suggests that we adopt V.I.Code Ann. tit. 24, § 379's six month limitations period for filing complaints with PERB for the same policy reasons which led the Supreme Court in *DelCostello* to adopt NLRA § 10(b)'s identical limitations period for filing complaints with the NLRB. Brief for Appellee Department at 5. The suggestion that § 379's limitations period should govern § 383 actions for the same reasons the Supreme Court adopted § 10(b) in LMRA § 301 actions is initially appealing. However, we are precluded from adopting § 379's limitations period by the express terms of V.I.Code Ann. tit. 5, § 31. The Virgin Islands legislature has provided general statutes of limitations as follows:

§ 31. Time for commencement of various actions

Civil actions shall only be commenced within the periods prescribed below after the cause of action shall have accrued, *except when, in special cases, a different limitation is prescribed by statute* ....

V.I.Code Ann. tit. 5, § 31 (emphasis added). In *DelCostello*, unlike this case, no statute of limitations expressly applied to § 301 actions. The Supreme Court had to look elsewhere, first to state and then to federal law, for the most analogous cause of action and its limitations period. Because of the overriding federal policy interest in national labor law and the need for a uniform statute, the Court chose to adopt § 10(b) as the limitations period for bringing § 301 suits. *See DelCostello*, 462 U.S. at 169–72, 103 S.Ct. at 2293–94.

■ Here, the Virgin Islands legislature has not left the choice to the courts, but has made its own determination that the general civil statute of limitations should apply. We are thus unable to borrow the six month limitations period of PELRA § 379, the local § 10(b) analogue. This case does not involve interstitial lawmaking, and we are not free to ignore the command of the Virgin Islands legislature as embodied in the language of V.I.Code Ann. tit. 5, § 31. Section 383 contains no limitations period and no other PELRA section or Virgin Islands statute prescribes one. Therefore, we must apply one of the limitations contained in § 31 to a PELRA action brought pursuant to § 383.

In determining which of the limitations periods listed in § 31 applies to an action for breach of contract/fair representation, we note that such an action contains two claims: one for breach of a collective bargaining agreement, and one for breach of a union's duty to fairly represent an employee. *DelCostello*, 462 U.S. at 164, 103 S.Ct. at 2290. Section 31 provides a two year limitations period for "action[s] for libel, slander, assault, battery, seduction, false imprisonment, or for any injury to the person or rights of another not arising on contract and not herein especially enumerated." V.I.Code Ann. tit. 5, § 31(5)(A). Essentially, it provides a statute of limitations for tort actions. An employee's claim against a union for breach of its duty of fair representation is analogous to a claim for breach of a fiduciary duty or for legal malpractice. *See DelCostello*, 462 U.S. at 167, 103 S.Ct. at 2292 (legal malpractice is closest state law analogy to claim against union). Since both of these claims are classified as torts, *see Ingvoldstad v. Estate of Young*, 19 V.I. 115, 123–24 (D.V.I.1982), a fair representation claim also is a form of tort and would fall under the two year limitations period of V.I.Code Ann. tit. 5, § 31(5)(A). The employee's claim against the employer is for breach of contract. Subsection 31(3)(A) provides a six year limitations period for breach of contract actions.

On this record we need not decide whether a two year or a six year statute of

limitations applies to Gomez's claims against both the PBA and the Department, or whether he has two years to file his action against the union and six years to proceed against his employer. These questions are best left to the local courts for their initial determination in light of local conditions, with which they have greater familiarity.[9]

The earliest possible date that Gomez's cause of action could have arisen was April 9, 1985, the date the PBA withdrew Gomez's arbitration request. Gomez's complaint was filed on September 5, 1986, well within the two year limitations period of § 31(5)(A), the shortest applicable statute of limitations. We therefore conclude that Gomez's complaint was timely filed.[10]

## VI.

For these reasons, we will reverse the order of the district court granting summary judgment to the Department and dismissing Gomez's complaint and remand for further proceedings consistent with this opinion.

**9.** Our decision today is based on the language of Virgin Islands statutory law. Any lack of uniformity in the filing of PELRA actions as a result of our decision today must be resolved by the Virgin Islands legislature. The policy considerations which the Supreme Court in *DelCostello* noted favor a short statute are even more appropriate subjects for legislative concern.

**10.** Gomez also argues that the court erred in granting summary judgment to the Department because the statute of limitations was equitably tolled by the PBA's fraudulent concealment of the withdrawal of Gomez's arbitration request. We find it unnecessary to consider this argument given our conclusion that the two year limitations period of V.I.Code Ann. tit. 5, § 31(5)(A) is the shortest possible statute of limitations applicable in this case. We express

no opinion on whether this cause of action accrues at the time the union commits the alleged breach, as the district court chose here, or when the employee first learns of that breach.

Finally, Gomez argues that his equal protection rights were violated because the district court's application of federal labor law was contrary to its decision in *Crispin v. Government of the Virgin Islands,* Civ. No. 1987/119 (D.V.I. Oct. 3, 1988) (recognizing hybrid labor suit involving public employer and employees covered by PELRA rather than by federal labor law). Despite our grave doubts about the validity and merits of Gomez's argument, we do not address this contention because of our conclusion that Gomez's hybrid contract/fair representation cause of action is not barred by the statute of limitations.