

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-27-2007

# Soni v. Holtzer

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2896

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Soni v. Holtzer" (2007). *2007 Decisions*. Paper 186.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/186

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**ALD-46**                                                   **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2896
_____

SHASHIBALA SONI,

                                                                    Appellant

v.

BENJAMIN HOLTZER; STEVE MANIKEN; ALAN NISSELSON; FRANCIS G.
CONRAD; DIMITRI JONES

_____

On Appeal from the United States District Court
for the  District of New Jersey
(D.C. Civil No. 06-cv-03894)
District Judge:  Honorable Jose L. Linares

_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect or Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 8, 2007

Before: SLOVITER, FISHER and HARDIMAN, Circuit Judges

(Opinion filed: November 27, 2007)
_____

OPINION
_____

PER CURIAM

        The United States District Court for the District of New Jersey dismissed

Appellant's claims.  We will summarily affirm.

I.

On August 17, 2006, Appellant Shashibala Soni filed a pro se complaint, naming five defendants: (1) Benjamin Z. Holczer, Esq. (identified as "Benjamin Holtzer"); (2) Alan Nisselson, Esq.; (3) Steve Maniken (identified as "Steve Miniken"); (4) former Eastern District of New York Bankruptcy Judge Francis G. Conrad; and (5) Assistant United States Attorney Demetri Jones, Esq. (identified as "Dmitri Jones"). Soni alleged that Defendants, together with her ex-husband, were part of the "Brooklyn Mafia group" and that they conspired to defraud her, seize her property, and damage her medical practice by means of a corrupt bankruptcy proceeding in the Eastern District of New York. It appears that Judge Conrad presided over the bankruptcy case, which began in 1991 and ended by July 2000. Nisselson served as the bankruptcy trustee, in which capacity he was represented by Holczer. The complaint itself contained no specific allegations with respect to Jones, but it appears that she is currently prosecuting Soni for tax fraud in the Eastern District of New York. In the end, the District Court liberally construed Soni's pro se pleading as alleging a federal cause of action for conspiracy to violate her due process rights as well as state-law tort claims for injury to property and fraud.

Soni then filed a default judgment motion, seeking an award of approximately $5 million. Although service of process was contested by Defendants, Soni claimed she had in fact served them all via certified mail sent to their alleged business addresses in New York. According to Soni, unspecified persons in the District Court Clerk's Office told her that such mailing constituted a proper method of service. The District Court denied

2

her motion on January 4, 2007, stating, in an accompanying letter opinion, that neither federal law, nor the laws of New Jersey or New York, authorized service of process by mail in these circumstances. The District Court accordingly ordered that Soni's case be dismissed pursuant to Federal Rule of Civil Procedure 4(m) unless she submitted proofs of proper service by February 5, 2007.

On that date, Soni filed the required proofs, purportedly showing that process servers had effected service by personal delivery to individuals at Defendants' alleged New York dwellings or places of business as well as by first-class mail addressed to such locations. Receiving no documentation regarding Maniken, the District Court dismissed all claims against this defendant on February 7, 2007. Holczer, Judge Conrad, and Jones argued that there was no proper service of process, and Nisselson moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), and (6). Soni filed no opposition, and the District Court disposed of the pending matters in an order and letter opinion entered on May 23, 2007. It dismissed the claims against Holczer for failure to effect proper service and granted Nisselson's motion to dismiss. Nevertheless, the District Court refrained from dismissing the claims against Judge Conrad and Jones because, among other things, the two federal Defendants had failed to address whether the alleged service was proper under either New Jersey or New York law. The District Court accordingly ordered Judge Conrad and Jones to file a supplemental submission challenging the method of service, an answer to the complaint, or a motion to dismiss by June 8, 2007.

3

On that date, Judge Conrad and Jones moved to dismiss pursuant to Rules 12(b)(2), (5), and (6) or, alternatively, for summary judgment under Federal Rule of Civil Procedure 56. On June 20, 2007, Soni filed a notice of appeal, in which she expressly appealed from the District Court's May 23, 2007 order. In an "affidavit" attached to this notice, she essentially stated her grounds for opposing the then-pending dismissal motion. On August 17, 2007, the District Court granted the motion to dismiss as to both Judge Conrad and Jones.

III.

We have appellate jurisdiction over Soni's appeal from the May 23, 2007 order pursuant to 28 U.S.C. § 1291.[1] Summary action is appropriate if there is no substantial question presented in the appeal. See, e.g., Third Circuit LAR 27.4; Third Circuit I.O.P.

---

[1] This appeal was submitted for possible dismissal on the grounds that the order of May 23, 2007 did not appear to constitute a final appealable order because of its failure to dispose of all claims as to all parties in this case. The District Court expressly refused to dismiss Soni's claims against Judge Conrad and Jones, and the two Defendants' motion to dismiss was still pending when Soni filed her notice of appeal on June 20, 2007. Nevertheless, we do have jurisdiction over her appeal of the May 23, 2007 ruling. As asserted in the then-pending dismissal motion (and as expressly found by the District Court with respect to Jones), Judge Conrad and Jones were arguably never served with process. See, e.g., Gomez v. Gov't of the Virgin Islands, 882 F.2d 733, 736 (3d Cir. 1989) (stating that named but unserved defendant is not considered to be "party" for final judgment purposes). Furthermore, even if it was premature at the time of filing, Soni's notice of appeal nevertheless "ripened" upon the District Court's disposal of the remaining claims against Judge Conrad and Jones on August 17, 2007. See, e.g., DL Res., Inc. v. FirstEnergy Solutions Corp., — F.3d —, 2007 WL 2993114, at *4 (3d Cir. 2007) (stating that "'a premature notice of appeal, filed after disposition of some of the claims before a district court, but before entry of final judgment, will ripen upon the court's disposal of the remaining claims.'" (citation omitted)).

4

10.6. For the following reasons, we find that this appeal presents no such substantial question.

The District Court was correct that Soni failed to effect proper service of process on most Defendants. It appropriately sympathized with the difficulties that a pro se litigant may face in attempting to effect service of process. The difficulties here were further compounded by allegedly inaccurate advice received from the District Court Clerk's Office. Nevertheless, the District Court properly recognized that it remains the plaintiff's duty to serve process on the named defendants in a manner consistent with the Federal Rules of Civil Procedure. Regarding Soni's initial attempt at service before filing her default judgment motion, service of process by certified mail in such circumstances was not authorized by the federal service-of-process rule, New Jersey law (as the state in which the District Court was located), or New York law (as the state in which Defendants were allegedly served). See, e.g., Fed. R. Civ. P. 4(e)(2), (i)(2)(B); N.J. Ct. R. 4:4-3(a), 4:4-4 (b)(1), (c); N.Y. C.P.L.R. 312-a(a), (f). Her subsequent efforts to effect service through professional process servers were likewise unsuccessful. It appears that Soni never attempted to serve Maniken after the District Court's January 4, 2004 ruling and, at the very least, failed to present the required proof of such service. As to Holczer, the District Court correctly found that the summons and complaint were delivered and mailed to the wrong address. Holczer worked on the eighteenth floor of the building as opposed to its first floor, and, according to his affidavit, he never received the alleged mailing.

The District Court also appropriately dismissed the claims against Nisselson on

5

statute of limitations grounds. In fact, the applicable statutes of limitations barred Soni's claims against Maniken and Holczer as well. As Soni herself admitted, the allegedly improper bankruptcy proceeding began in 1991 and was terminated in July 2000. However, she did not file her complaint until August 17, 2006. This was clearly too late under either the possibly applicable statutes of limitations for federal constitutional claims, see, e.g., McKithen v. Brown, 481 F.3d 89, 100 n.12 (3d Cir. 2007) (stating that statute of limitations for section 1983 claims accruing in New York was three years); Montgomery v. De Simone, 159 F.3d 120, 126 n.4 (3d Cir. 1998) (stating that statute of limitations for section 1983 claims that accrued in New Jersey was two years), or the limitations periods for a cause of action under state tort law, see, e.g., N.Y. C.P.L.R. 213 (providing that fraud action must be commenced within the greater of six years from date of accrual or two years from time plaintiff discovered or reasonably could have discovered fraud), 214 (providing that action for injury to property must be brought within three years); Kaufman v. i-State Corp., 754 A.2d 1188, 1205 (N.J. 2000) (finding that New Jersey fraud claim was subject to six-year statute of limitations). In the "affidavit" attached to her notice of appeal, Soni contends that the consequences of the alleged misconduct "are felt till this date" and that "[t]here is no statute of limitation on criminal action." (Notice at 3.) However, any alleged continuing violation would have ended no later than the termination of her bankruptcy case in 2000, and neither the continuing violation nor any other equitable doctrine would justify filing a complaint more than six years later. See, e.g., West v. Phila. Elec. Co., 45 F.3d 744, 754-55 (3d Cir.

6

1995) (addressing some elements of continuing violation theory). Likewise, criminal prosecutions are often restricted by their own statutes of limitations, and Soni herself filed a *civil* case subject to otherwise applicable *civil* time limits.[2]

### III.

Therefore, because Soni's appeal fails to present a substantial question, we will affirm.

---

[2] It therefore appears that Soni's claims against both Judge Conrad and Jones were likewise time-barred. Furthermore, Jones herself was never properly served with process, given that Soni sent the necessary summons and complaint to the wrong address. In any case, the District Court did not dispose of the claims against these two individuals until August 17, 2007. However, the notice of appeal was filed on June 20, 2007 and therefore did not encompass this subsequent ruling. See supra n.1. Soni then had the opportunity to file a second or supplemental notice of appeal after the District Court's August 17, 2007 ruling, but she did not do so. In these circumstances, the District Court's dismissal of the claims against Judge Conrad and Jones is not before us in this current appeal.

Although not mentioned by the District Court, Soni also alleged that Defendants defrauded and took the property of her friends or "associates." Soni, however, clearly lacked the standing to assert claims based on alleged damages suffered by others.