**MOCO INVESTMENTS, INC., Appellant**

v.

**UNITED STATES of America; Internal Revenue Service; Chad Bacek; Nadine Bacek.**

**No. 08–1972.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Jan. 14, 2010.

Opinion filed: Jan. 26, 2010.

Jules L. Rossi, Esq., Asbury Park, NJ, for Appellant.

Carol A. Barthel, Esq., United States Department of Justice, Washington, DC, for United States of America; Internal Revenue Service; Chad Bacek; Nadine Bacek.

Before: AMBRO, CHAGARES, and STAPLETON, Circuit Judges.

## OPINION

AMBRO, Circuit Judge.

In this action to quiet title, Moco Investments, Inc. appeals the District Court's entry of judgment in favor of the United States. We affirm.[1]

### I.

The relevant facts are undisputed. In March 2003, the Internal Revenue Service ("IRS") assessed taxes against Chad and Nadine Bacek for the 2001 tax year. Additionally, the IRS assessed taxes against Chad Bacek in May 2004 and May 2005 for the 2003 and 2004 tax years, respectively. On May 31, 2005, Moco Investments, Inc. ("Moco"), a New Jersey limited liability company, acquired from the Baceks a parcel of real property located in Middlesex County. However, Moco did not immediately record its deed. In December 2005, the IRS recorded the notice of a federal tax lien (in the amount of approximately $10,000) against the property the Baceks had conveyed to Moco. Moco recorded its deed to the property shortly thereafter, in January 2006.

Moco sought to have the tax lien released, and in August 2006 filed suit in the District Court for the District of New Jersey against the United States, the IRS,[2] and the Baceks.[3] In December 2006, the Government moved for judgment on the pleadings. Moco opposed the Government's motion, and separately moved for summary judgment. In January 2008, the District Court granted the Government's motion and denied that of Moco, which has timely appealed.[4]

---

1. Moco's Complaint is entitled: "Complaint to Compel Release of IRS Lien and for Damages." Although the Complaint lacks a jurisdictional statement, it was properly treated as an action under 28 U.S.C. § 2410, which grants jurisdiction to district courts over "any civil action or suit" against the United States "to quiet title to ... real or personal property on which the United States has or claims a mortgage or other lien." *Id.* § 2410(a). We have appellate jurisdiction under 28 U.S.C. § 1291.

2. Although Moco named the IRS as a defendant, the United States alone is the proper defendant in a suit under 28 U.S.C. § 2410.

3. Though named as defendants, the Baceks were never served and did not enter their appearance in the District Court. While we generally lack jurisdiction to review orders that are not final as to all parties absent a certification by the District Court under Fed. R.Civ.P. 54(b), "a named defendant who has not been served is not a 'party' within the meaning of Rule 54(b)." *Gomez v. Gov't of*

*Virgin Islands,* 882 F.2d 733, 736 (3d Cir. 1989). Accordingly, the District Court's order granting the Government's motion for judgment on the pleadings was final for purposes of 28 U.S.C. § 1291.

4. As the Government points out, its motion for judgment on the pleadings should have been treated as a motion for summary judgment, as it (1) was filed before the Government answered the Complaint, and thus before the "pleadings [were] closed," Fed. R.Civ.P. 12(c); and (2) included materials outside the pleadings—Certificates of Assessments and Payments for the Baceks' 2001, 2003, and 2004 tax years, which established that taxes were assessed against the Baceks before they conveyed the property to Moco. Because the District Court did not exclude these materials in ruling on the Government's motion, it effectively converted the motion to one for summary judgment. *See* Fed.R.Civ.P. 12(d); *see also Rose v. Bartle,* 871 F.2d 331, 340 (3d Cir.1989) ("[T]he label a district court places on its disposition is not binding on an

## II.

"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount ... shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321. Such a tax lien arises at the time the tax is assessed. *See* 26 U.S.C. § 6322; *In re DeAngelis*, 373 F.2d 755, 757 (3d Cir.1967) ("[N]on-payment of taxes after demand creates a lien commencing at the assessment date.").

■ Here, a tax lien "upon all [of the Baceks'] property ..., whether real or personal," arose when the IRS assessed taxes against the Baceks in March 2003, May 2004, and May 2005—before the Baceks conveyed the property to Moco. 26 U.S.C. § 6321. Accordingly, the transfer of the property to Moco did not affect the lien because it arose before the transfer.

*See United States v. Bess*, 357 U.S. 51, 57, 78 S.Ct. 1054, 2 L.Ed.2d 1135 (1958) (internal quotation marks omitted) (as a general matter, "[t]he transfer of property subsequent to the attachment of [a]lien does not affect the lien, for it is of the very nature and essence of a lien[ ] that no matter into whose hands the property goes, it passes cum onere [in effect, with the burden of the lien]"); *see also United States v. Avila*, 88 F.3d 229, 233 (3d Cir.1996).

■ An exception to this rule appears in 26 U.S.C. § 6323, which provides that a federal tax lien is not valid "against any *purchaser* ... until notice [of the lien] ... has been filed by the Secretary." *Id.* § 6323(a) (emphasis added). A "purchaser" is defined as a "person who, for adequate and full consideration ..., acquires an interest (other than a lien or security interest) in property which is valid under local law against subsequent purchasers without actual notice." *Id.* § 6323(h)(6).

---

appellate court."); *see also Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 284 (3d Cir.1991) (construing district court's disposition as the entry of summary judgment, rather than a dismissal under Rule 12(b)(6), where the court did not exclude additional material attached to plaintiff's motion to dismiss counterclaim). Having done so, the Court needed to give the parties notice of the conversion to a motion for summary judgment. *See Rose*, 871 F.2d at 342.

Moco does not discuss in its brief the District Court's treatment of the Government's motion; accordingly, it has waived any challenge to the Court's conversion. *See Laborers' Int'l Union of N. Am., AFL–CIO v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir.1994). In any event, Moco does not dispute the authenticity of the Certificates of Assessments and Payments attached to the Government's motion, nor does it contend that it was denied a " 'reasonable opportunity' to present all material relevant to a summary judgment motion." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 288 (3d Cir.1999) (*quoting* Fed.R.Civ.P. 12(d)). Indeed, in its motion for summary judgment (filed before Moco responded to the Government's motion for judg-

ment on the pleadings), Moco asserted that the "facts [were] undisputed," and attached no additional materials or affidavits in support of its motion. Accordingly, we conclude that the failure to provide notice of the summary judgment conversion was harmless. *See Rose*, 871 F.2d at 342 (the failure to provide proper notice does not require reversal where the error is harmless); *accord In re Rockefeller*, 184 F.3d at 288.

Having determined that the District Court converted the Government's motion to a motion for summary judgment, we exercise plenary review over its grant of summary judgment, applying the same standard that a district court must apply. *See Jakimas v. Hoffmann–La Roche, Inc.*, 485 F.3d 770, 777 (3d Cir.2007). We view the facts in the light most favorable to the nonmoving party. *Id.*; *Erie Telecomms. Inc. v. City of Erie*, 853 F.2d 1084, 1093 (3d Cir.1988). A party is entitled to summary judgment only "if the pleadings, the discovery and disclosure materials on file, and any affidavits[,] show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2).

Accordingly, the IRS lien is not valid against Moco if, *before* the IRS filed notice of the lien, Moco qualified "under [New Jersey] law [as a] subsequent purchaser[ ] without actual notice." *Id.*

We agree with the District Court that the tax lien is valid against the property now owned by Moco because it recorded its deed too late. New Jersey is a "race-notice" jurisdiction, meaning that, "as between two competing parties[,] the interest of the party who first records the instrument will prevail." *Cox v. RKA Corp.*, 164 N.J. 487, 753 A.2d 1112, 1116–17 (2000)(*citing* N.J. Stat. Ann. §§ 46:21–1, 46:22–1). Under this framework, Moco's interest in the property became valid against subsequent purchasers when it recorded its deed. However, Moco did not record its deed until January 2006, a month after the IRS recorded the tax lien. Accordingly, the lien was valid against Moco because Moco was not a "purchaser" within the meaning of § 6323 when the IRS recorded its lien.

Moco nonetheless contends that the tax lien is not valid because the Baceks "no longer had an interest" in the property when the IRS recorded the lien. Moco is mistaken. As noted, a federal tax lien arises at the time the tax is *assessed*, not when the lien is *recorded*. *See* 26 U.S.C. § 6322; *In re DeAngelis*, 373 F.2d at 757; *see also United States v. V. & E Eng'g & Constr. Co.*, 819 F.2d 331, 335 (1st Cir. 1987) (rejecting buyers' arguments that tax lien on the purchased property "d[id] not exist until notice [was] filed," and that "at the time of the notice there was no 'property or right to property' to which the lien could attach because [it] had already [been] sold"). Although Moco's deed was immediately valid as between Moco and the Baceks, it was not valid against subse-

quent purchasers until it was recorded. *See* N.J. Stat. Ann. § 46:22–1 ("any ... deed ... shall be valid and operative, although not recorded, *except* as against such subsequent judgment creditors, purchasers and mortgagees") (emphasis added); *see also H.K. v. State*, 184 N.J. 367, 877 A.2d 1218, 1228 (2005) ("[A]n unrecorded deed is 'perfectly efficacious in passing title from grantor to grantee, subject to all subsequent recorded liens against the grantor and subject to potential divestment by a subsequent bona fide grantee without notice.' ") (*quoting Siligato v. State*, 268 N.J.Super. 21, 632 A.2d 837, 840 (N.J.Super.Ct.App.Div.1993)).

In sum, Moco's interest in the property was not "valid ... against [a] subsequent purchaser[ ] without actual notice" until it recorded its deed in January 2006. 26 U.S.C. § 6323(h)(6). Thus, Moco was not a "purchaser" within the meaning of § 6323 when the IRS recorded its lien in December 2005. Accordingly, the tax lien is valid against Moco.

Moco also contends that the District Court impermissibly "used federal law to create in the [Baceks] an interest in the [property]." We reject this argument as well. Although whether an interest in property "constitutes 'property and rights to property' for the purposes of ... 26 U.S.C. § 6321[ ] .... largely depends upon state law," *United States v. Craft*, 535 U.S. 274, 278, 122 S.Ct. 1414, 152 L.Ed.2d 437 (2002), it is undisputed that the Baceks had a valid interest in the property when the tax assessment was made. In any event, the District Court correctly applied New Jersey law to determine when Moco became a "purchaser" within the meaning of 26 U.S.C. § 6323.

For these reasons, we affirm the District

310

Court's judgment.[5]

---

5. Though not in play because it lost, had Moco won it sought punitive damages from the United States. We point out that Moco could not have been awarded punitive damages against the United States. *See* 28 U.S.C. § 2674.