

**FILED**
September 13, 2022 11:19 AM
SX-2016-CV-00413
**TAMARA CHARLES**
**CLERK OF THE COURT**

IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

JOSEPH SCHRADER, )
                         )
                     Plaintiff, )       **CASE NO.: SX-2016-CV-00413**

v. )

GOVERNMENT OF THE VIRGIN ISLANDS, )       **2022 VI Super 79**
DEPARTMENT OF EDUCATION and ST. )
CROIX EDUCATION ADMINISTRATORS' )
ASSOCIATION, )
                         )
                 Defendants. )

## MEMORANDUM OPINION and ORDER

¶ 1     Before the Court is Defendant Government of the Virgin Islands, Department of Education's ("DOE") Motion to Dismiss, filed September 8, 2016; Plaintiff Joseph Schrader's Response, filed November 16, 2016; Defendant DOE's Reply, filed July 7, 2017; and Defendant DOE's Addendum to Motion to Dismiss, filed December 20, 2019. DOE seeks dismissal pursuant to V.I. R. Civ. P. 12(b)(6),[1] alleging that Plaintiff has failed to state a claim against it upon which relief can be granted, arguing that Plaintiff failed to exhaust the exclusive remedies available to him pursuant to the collective bargaining agreement ("CBA") between DOE and Defendant St. Croix Education Administrators' Association ("STXEAA"), of which Plaintiff is a member. For the reasons that follow, DOE's Motion to Dismiss will be denied.

## BACKGROUND

¶ 2     Plaintiff is employed by DOE as an Assistant Principal and is a member of the STXEAA, which represents all public-school administrators employed with DOE. DOE and STXEAA are parties to the CBA, with an effective date of October 1, 2006 and an expiration date of September 30, 2010, which has since been renewed on a year-to-year basis.

---

[1] The Motion was filed prior to the March 31, 2017 effective date of the Virgin Islands Rules of Civil Procedure, and is based upon Fed. R. Civ. P. 12(b)(6), than applicable pursuant to Super. Ct. R. 7. Substantively identical V.I. R. Civ. P. 12(b)(6) applies here as the Court does not find that its application is infeasible or would work an injustice. *See* V.I. R. Civ. P. 1-1(c)(2)(B).

¶ 3    The CBA provides that: "First preference to qualified members of the Association bargaining unit shall be considered in the filling of acting and temporary administrative positions within the bargaining unit."[2] Article V of the CBA includes a mandatory Grievance Procedure for the determination of "a complaint submitted by an employee... (1) that there has been a violation or misinterpretation of the provisions of this Agreement, or (2) that he has been treated unfairly or inequitably by reason of any act or condition which is contrary to established policy or practices governing or affecting employees."[3] DOE and STXEAA agreed by the CBA that delineated steps including informal discussion then written grievance to the member's immediate supervisor, appeal to the Superintendent, then appeal to arbitration are the "procedures [that] shall be the means of settlement of *all* grievances arising under this Agreement."[4]

¶ 4    Plaintiff holds both a bachelor's degree and a master's degree in vocational education and had been employed by DOE for twenty years at the time he filed his Verified Complaint, serving as Assistant Principal of both Central High School and the St. Croix Career and Technical Education Center at the St. Croix Educational Complex ("CTEC"). Plaintiff had also served both as a General Motors certified master technician and as an auto/diesel instructor on the high school, technical school and college levels for over ten years.[5]

¶ 5    In a February 5, 2014 letter to then Superintendent Gary Molloy, certain CTEC teachers and staff requested Plaintiff's removal as Assistant Principal, alleging various acts of unprofessional conduct, including exhibiting poor leadership and communication skills, lack of respect for faculty and staff, failure to actively participate in social activities with faculty and students in an effort to build school culture and climate, misdirecting mechanical and building trade instructors from participating in common core workshops, and failure and refusal to participate with the accreditation team, etc.[6]

¶ 6    On or about April 19, 2015, Plaintiff applied for the position of CTEC Principal. In late April 2015, while Plaintiff's application was pending, Assistant Commissioner Charmaine

---

[2] DOE Motion to Dismiss, Exhibit A, CBA, Article VI, Section 16.

[3] *Id.*, Article V, Section 1.

[4] CBA, Article V, Sections 1, 5 (emphasis added).

[5] Verified Complaint, ¶¶ 8-12.

[6] *Id.* ¶ 16.

Hobson-Johnson, Superintendent Coleen Williams and other administrators conducted a meeting with various CTEC teachers and staff, without Plaintiff's participation, that included a discussion of the February 5, 2014 letter.[7]

¶ 7    In mid-May 2015, Plaintiff interviewed for the CTEC Principal position. By June 15, 2015 letter, Superintendent Williams advised Plaintiff that he had not been selected, but that then Acting Principal Myrle Hendricks had been selected as Principal. The June 15, 2015 letter also advised Plaintiff that he would be reassigned from his position at CTEC to the Assistant Principal position at John H. Woodson Junior High School, which does not provide vocational occupational education.[8] By correspondence dated June 16, 2015, Principal Willard S. John of St. Croix Educational Complex informed Plaintiff that, based on his investigation, the petition to remove Plaintiff as CTEC Assistant Principal had "no merit" and that he "cannot recommend that it be considered or held against [Plaintiff] in any way."[9]

¶ 8    Subsequently, Plaintiff complained to STXEAA, requesting that the Union file a grievance on his behalf regarding DOE's failure to promote him to CTEC Principal.[10] He also lodged complaints regarding his involuntary transfer to John H. Woodson Junior High School as well as DOE's failure to reimburse him for travel expenses and purchases made for DOE in addition to compensation for work he had previously completed.

¶ 9    On June 22, 2015, STXEAA filed two grievances with DOE on behalf of Plaintiff, each subsequently followed by a demand for arbitration: one in response to the DOE's involuntary transfer of Plaintiff to Woodson; and the other related to DOE's failure to compensate Plaintiff for work completed and for reimbursement of expenses. The Union, however, declined to file a grievance regarding DOE's failure to promote Plaintiff to CTEC Principal.[11]

¶ 10    The Verified Complaint, filed July 20, 2016, alleges two causes of action against DOE: in Count I, for breach of the contract of employment and the CBA by failing to promote Plaintiff to Principal of CTEC; and in Count II for violation of Plaintiff's due process rights by failing to

---

[7] *Id.* ¶¶ 13, 15.

[8] *Id.* ¶¶ 20-23.

[9] STXEAA Motion for Summary Judgment, Exhibit 7.

[10] Verified Complaint, ¶ 25.

[11] SCEAA Motion for Summary Judgment, Affidavit of Rosa White, ¶¶ 12-16.

provide him notice and an opportunity to be heard at the April 2015 meeting regarding the February 2014 letter. Plaintiff asserts that as a result of Defendants' actions, he suffered defamation in his employment, loss of income, loss of benefits, loss of employability, loss of reputation, mental anguish, embarrassment, and loss of enjoyment of life continuing into the foreseeable future.[12]

## DISCUSSION

¶ 11     By its Motion, DOE challenges the sufficiency of Plaintiff's Verified Complaint pursuant to V.I. R. Civ. P. 12(b)(6), for its "failure to state a claim upon which relief can be granted." The Virgin Islands "is a notice pleading jurisdiction," and a plaintiff must meet the notice pleading standard in V.I. R. Civ. P. 8(a)(2) to overcome a Rule 12(b)(6) motion. *See Mills-Williams v. Mapp*, 67 V.I. 574, 585-86 (V.I. 2017) (citations omitted) (explaining that Rule 8(a)(2) eliminated the former plausibility standard applicable prior to adoption of Virgin Islands Rules of Civil Procedure). By the language of Rule 8, a trial court is to "apply an approach that declines to enter dismissals of cases based on failure to allege specific facts which, if established, plausibly entitle the pleader to relief." *Mills-Williams*, 67 V.I. at 585 (citing V.I. R. Civ. P. 8 Reporter's Note).

¶ 12     Under the notice pleading regime a plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." V.I. R. Civ. P. 8(a)(2). Rule 8(a)(2) eliminates the former *Twombly* plausibility standard of federal practice and instead permits a complaint so long as it "adequately alleges facts that put an accused party on notice of claims brought against it." *Id.* (citing *Brathwaite v. H.D.V.I. Holding Co.*, 2017 V.I. LEXIS 76, at *3 (V.I. Super. 2017)).

¶ 13     To state a claim for breach of contract in Count I, Plaintiff must set forth a short and plain statement of the claim showing that he is entitled to relief. To establish a breach of contract claim, a plaintiff is required to demonstrate: (1) an agreement; (2) a duty created by that agreement; (3) a breach of that duty; and (4) damages. *Phillip v. Marsh-Monsanto*, 66 V.I. 612, 621 (V.I. 2017) (citations omitted). To the extent that Plaintiff's Verified Complaint adequately alleges facts that put DOE on notice that he claims the existence of the foregoing elements, the pleading will be accepted.

---

[12] Verified Complaint, ¶¶ 31, 34-35, 37-40.

¶ 14    The Verified Complaint asserts the existence of the CBA, benefitting Plaintiff as a member of STXEAA. By the CBA, Plaintiff alleges that DOE had a duty to follow provisions of the V.I. Code and Board of Education rules and policies in filling position vacancies; a duty that DOE breached by failing to promote Plaintiff to CTEC Principal when that position became available, despite the fact that he alone met the relevant criteria to fill the position. Plaintiff alleges damages as a result of the breach, thereby providing a short and plain statement of his breach of contract claim, sufficient to put DOE on notice of the claim against it.

¶ 15    Plaintiff asserts in Count II that Defendant DOE violated his due process rights by its failure to provide him notice and an opportunity to be heard at the April 2015 meeting called to discuss the February 2014 letter of Plaintiff's CTEC colleagues relating to his unprofessional conduct as CTEC Assistant Principal, which violation resulted in damages to Plaintiff.

¶ 16    The Fourteenth Amendment to the U.S. Constitution and Section 3 of the Virgin Islands Revised Organic Act of 1954 provide procedural protection of a person's property interests. "For such a procedural due process claim to succeed a plaintiff must establish that '(1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty, or property, and (2) the procedures available to him did not provide due process of law.'" *Fleming v. Cruz*, 62 V.I. 702, 713 (V.I. 2015) (citing *Iles v. deJongh*, 55 V.I. 1251, 1256-57 (3d Cir. 2011)).

¶ 17    To succeed on his claim alleging a violation of his procedural due process rights, Plaintiff must prove that he had a property right in attaining a promotion to become Principal of CTEC and was deprived of that right as a result of DOE's failure to provide him an opportunity to be heard in response to the February 2014 letter. In the Virgin Islands, it is well established that that a regular government employee has a property interest in continued employment. *See Iles v. deJongh*, 55 V.I. at 1261.

¶ 18    Plaintiff claims that he "sought to be heard," but that DOE "improperly and unreasonably deprived [him] of the opportunity to properly respond and rebut the February 2014 letter and its false accusation,"[13] with the result that he was passed over for promotion. The Verified Complaint adequately alleges facts that provide a short and plain statement of Plaintiff's claim sufficient to

---

[13] Verified Complaint, ¶¶ 18-19.

put DOE on notice that he claims a due process violation depriving him of a property right in the promotion to CTEC Principal. At this stage, Plaintiff need not establish his claim by evidentiary proof, but must only assert it sufficiently by a short and plain statement showing that he is entitled to relief. *See* V.I. R. Civ. P. 8(a)(2). Plaintiff has done so here with regard to Count II.

¶ 19      Apart from the sufficiency of Plaintiff's claims as pled, DOE moves for the dismissal of Plaintiff's claims against DOE, arguing that Plaintiff has failed to exhaust his administrative remedies pursuant to the CBA. The CBA provides that the grievance procedure contained therein shall be the means of settlement of all grievances arising under the Agreement "As a general rule, individual employees are required first to utilize the methods of redress provided by a collective bargaining agreement, as agreed upon by the employer and union, before instituting a court action." *Stafford v. Hess Oil V.I. Corp.*, 1998 V.I. LEXIS 10, *16-17 (V.I. Super. 1998).

¶ 20      Either by design or gross oversight, DOE falsely argues that "Plaintiff's union has concurrently filed a grievance and requested arbitration on the same issue he now presents to the Court."[14] Plaintiff did complain to STXEAA, seeking the filing of a grievance on his behalf regarding DOE's failure to promote him to CTEC Principal, "the same issue he now presents to the Court." The Union did file two grievances on Plaintiff's behalf. However, those grievances, as presented with DOE's Motion, relate to different issues.[15] As to the issue before the Court, STXEAA specifically declined to file such a grievance.[16]

¶ 21      Pursuant to the terms of the CBA, "Plaintiff complained to his union, Defendant St. Croix Educational Administrators' Association, Inc., and requested the union file a grievance on his behalf, which the union arbitrarily and capriciously failed to do."[17] Plaintiff attempted to exhaust

---

[14] DOE Motion to Dismiss, at 3.

[15] STXEAA (1) demanded arbitration by letter of July 13, 2015 relative to "Correspondence from you to Joseph Schrader dated May 15, 2013 informing him that he. is being involuntarily transferred to the John H. Woodson Junior High School for school years 2015-2016 to help strengthen the pre-Vocational courses at that school;" and (2) submitted Grievance on June 24, 2015 regarding Plaintiff's work completed during summer 2013 for which "Mr Schrader was never compensated.... Additionally Mr Schrader is also owed monies for purchasing ASE testing materials and for travel reimbursement to St Thomas March 2015" for which Plaintiff was not reimbursed. DOE Motion to Dismiss, Exhibit B.

[16] "The Union did not file a grievance on Schrader's behalf when he was not given the principal's position because after a review of the CBA, a thorough investigation and consultation with the Union's Counsel, the Union concluded there was no basis to file a grievance. We informed member Schrader that we could not file a grievance and the basis for our decision." STXEAA Motion for Summary Judgment, Affidavit of Rosa White, ¶¶ 16-17.

[17] Verified Complaint, ¶ 25.

his administrative remedies prior to filing this hybrid action in which he couples his breach of contract claim against DOE with his claim of STXEAA's "refusal and failure to represent Plaintiff"[18] (breach of its duty of fair representation). *See Joseph v. Bureau of Corrections*, 54 V.I. 644, 653-54 (V.I. 2011); *Stafford v. Hess Oil V.I. Corp.*, 1998 V.I. LEXIS 10, *16-17.

¶ 22    Plaintiff alleges that he was unable to avail himself of all administrative remedies where the Union breached its duty to fairly represent him. "Under general principles of labor law, an employee's only remedy for a breach of contract by an employer is the grievance and arbitration procedure provided by his collective bargaining agreement. However, when that employee has no control over his grievance during the arbitration process and the union representing the employee breaches its duty to fairly represent him, the employee by necessity has a cause of action to pursue his rights under the contract. In such an instance, an employee may bring suit against both the employer and the union…" *Gomez v. Government of Virgin Islands*, 882 F.2d 733, 737 (3d Cir. 1989) (citations and internal quotation omitted). "In the 'hybrid' suit, the plaintiff will have to prove that the employer breached the collective bargaining agreement in order to prevail on the breach of duty of fair representation claim against the union, and vice versa." *Burns v. Salem Tube, Inc.*, 381 Fed. Appx. 178, 181 (3d Cir. 2010) (quoting *Felice v. Sever*, 985 F.2d 1221, 1226 (3d Cir. 1993) (citing *DelCostello v. Teamsters*, 462 U.S. 151, 165 (1983)).

¶ 23    Pursuant to the notice pleading standards of Rule 8(a)(2), Plaintiff has pled a hybrid claim for breach of contract and violation of his due process rights against DOE and for breach of the duty of fair representation against STXEAA, sufficient to withstand DOE's Rule 12(b)(6) Motion to Dismiss for failure to state a claim upon which relief can be granted.[19]

---

[18] *Id.* ¶ 26.

[19] Both Count I (Breach of Contract) and Count II (Violation of Due Process Rights) of the Verified Complaint allege wrongs of both "Defendants." Although not set forth in a separate count (*see* V.I. R. Civ. P. 8(a)(2); 10(b)), Plaintiff did complain that he requested that the Union file a grievance on his behalf, which it arbitrarily and capriciously failed to do (Verified Complaint ¶ 25), a sufficient short and plain statement of his claim to put STXEAA on notice of his claim of breach of its duty of fair representation.

In light of the foregoing, it is hereby

ORDERED that Defendant DOE's Motion to Dismiss is DENIED, and DOE shall file its Answer to Plaintiff's Verified Complaint within 30 days of the date hereof.

DATED: September 13, 2022.

DOUGLAS A. BRADY, JUDGE

ATTEST:

TAMARA CHARLES
Clerk of the Court

By: _____
Court Clerk