**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1507
_____

BRIAN ERIC TIMM, a Cestui Que, a friend of the court,

 Appellant

v.

FEDERAL HOME LOAN MORTGAGE CORP, AKA Freddie Mac; DOES 1-10; ROES
1-10; FEDERAL HOUSING FINANCE AGENCY; PAUL INNES, Individually;
MICHELLE SMITH, Individually
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-19-cv-17304)
District Judge:  Honorable Michael A. Shipp
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 25, 2022

Before:  SHWARTZ, BIBAS, and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed October 28, 2022)
_____

OPINION[*]
_____

PER CURIAM

 Pro se appellant Brian Timm appeals the District Court's order dismissing his civil

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

action.  For the reasons discussed below, we will affirm.

In 2008, Timm obtained a mortgage-loan for a home in New Jersey.  In 2012, Wells Fargo Bank instituted foreclosure proceedings in New Jersey state court.  Timm filed an answer with 14 counterclaims and 21 affirmative defenses.  The state court entered judgment in Wells Fargo's favor, and the New Jersey Superior Court Appellate Division affirmed.  See Wells Fargo Bank, N.A. v. Timm, No. A-5498-16T1, 2018 WL 6441508 (N.J. Super. Ct. App. Div. Dec. 10, 2018) (per curiam).  The home was sold via sheriff's sale to Wells Fargo, which then transferred its interest to the Federal Home Loan Mortgage Corporation ("Freddie Mac").

Timm filed a federal complaint alleging that Freddie Mac had violated his rights under the Fifth Amendment by taking his property without providing just compensation. The District Court dismissed the complaint on the ground that Freddie Mac was a private actor, not a government actor.  See ECF No. 20.  The Court granted leave to amend, and Timm did so, again asserting a claim Fifth Amendment claim against Freddie Mac and adding the same claim against the Federal Housing Finance Agency.  See ECF No. 22. The District Court again dismissed the complaint, but provided Timm with one more opportunity to amend.  See ECF No. 48.

Finally, Timm filed the operative pleading, which he captioned a "bill in equity." ECF No. 51.  He again asserted the same factual allegations—that the foreclosure action and sheriff's sale were improper—and argued that his failure to get relief through prior actions showed that no sufficient remedy existed at law and that he had therefore elected to proceed in equity.  The only cause of action he specifically identified was fraudulent

conveyance. The District Court interpreted the filing as a second amended complaint and dismissed it, concluding that Timm had failed to state a claim. See ECF Nos. 62 & 63. Timm appealed.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's ruling.[1] See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation omitted). It is not enough for a plaintiff to offer only conclusory allegations or a simple recital of the elements of a claim. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).[2]

We agree with the District Court's analysis. Timm spends most of his brief objecting to the District Court's decision to treat his filing as a complaint rather than a bill in equity. But "Rule 2 of the Federal Rules of Civil Procedure abolished the technical and procedural distinctions between law and equity," Brock v. Richardson, 812 F.2d 121, 125 (3d Cir. 1987), providing that "[t]here is one form of action—the civil action," Fed. R. Civ. P. 2. Since "[a] civil action is commenced by filing a complaint," Fed. R. Civ. P. 3, the District Court did not err in treating the filing as a complaint. See

---

[1] While Timm also named as defendants several unnamed individuals, because he did not serve them, they are not parties for purposes of Fed. R. Civ. P. 54(b) and do not affect this Court's jurisdiction. See Gomez v. Gov't of the V.I., 882 F.2d 733, 736 (3d Cir. 1989); United States v. Studivant, 529 F.2d 673, 674 & n.2 (3d Cir. 1976).

[2] In his appellate brief, Timm did not challenge the District Court's dismissal of his initial and amended complaints, and we therefore will not discuss those orders. See, e.g., M.S. ex rel. Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.3 (3d Cir. 2020).

generally United States v. Bank, 965 F.3d 287, 298 (4th Cir. 2020) ("The Federal Rules of Civil Procedure make clear that suits in equity are considered civil actions."); Fed. R. Civ. P. 2 advisory committee's note to 1937 adoption ("Reference to actions at law or suits in equity in all statutes should now be treated as referring to the civil action prescribed in these rules.").

Nor did the District Court err in concluding that Timm had failed to state a claim for fraudulent conveyance. Fraudulent conveyance requires that the person making the conveyance has "put some asset beyond the reach of creditors which would have been available to them." Gilchinsky v. Nat'l Westminster Bank N.J., 732 A.2d 482, 488 (N.J. 1999). Timm does not allege that that happened here.[3]

Finally, Timm alleges that the District Court erred by failing to acknowledge his reliance on "Senate Resolution 62." However, that resolution merely provided that a manuscript would be "printed as a Senate document," ECF No. 51 at 17; it did not serve

---

[3] Even if Timm's allegations could be reframed, see generally Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam) (explaining that filings by pro se litigants are interpreted liberally), he would face serious obstacles to relief. A claim seeking to void the state foreclosure judgment directly would be barred by the Rooker-Feldman doctrine, see Dorce v. City of N.Y., 2 F.4th 82, 104 (2d Cir. 2021), and any claim Timm did raise or could have raised in the foreclosure action would be barred by New Jersey's preclusion rules, see Rycoline Prods., Inc. v. C & W Unlimited, 109 F.3d 883, 885–86 (3d Cir. 1997); Delacruz v. Alfieri, 145 A.3d 695, 708 (N.J. Super. Ct. Law Div. 2015) ("Claims or defenses that went to the validity of the mortgage, the amount due, or the right of [mortgagee] to foreclose had to be raised in the foreclosure proceeding or they were barred."); see generally EEOC v. U.S. Steel Corp., 921 F.2d 489, 493 (3d Cir. 1990) ("The doctrine of res judicata serves vital public interests beyond any individual judge's ad hoc determination of the equities in a particular case. There is simply no principle of law or equity which sanctions the rejection by a federal court of the salutary principle of res judicata." (quoting Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981)).

to "place[] all property in a Public Trust in the State," Appellant's Br. at 20.

Accordingly, we will affirm the District Court's judgment.