BLD-193                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4723
_____

IVAN G. MCKINNEY,
                                    Appellant

v.

PROSECUTOR COUNTY PROSECUTOR'S OFFICE; JAMES F. AVIGLIANO,
Prosecutor Passaic County; FRANK LORAN, Detective Clifton Police Dept.;
SGT. BRAKEN, Clifton Police Depart.; CAPT. ROBERT ROWAN, Clifton Police
Dept.; DET. KOTORA, Clifton Police Dept.; DET, KAMINSKI, Clifton Police Dept.;
SGT JOHN DOE, Clifton Police Dept. JANE DOE, Court Administrator Clifton Police;
HOWARD JOHNSON HOTEL
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-08-cv-03149)
District Judge:  Honorable Esther Salas
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect and Possible Dismissal
Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action Pursuant to Third Circuit
LAR 27.4 and I.O.P. 10.6
May 7, 2015
Before:  AMBRO, JORDAN and KRAUSE, Circuit Judges

(Opinion filed:  May 12, 2015)
_____

OPINION[*]
_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Ivan McKinney appeals pro se from a judgment entered against him in a civil rights case. For the following reasons, we will summarily affirm.

I.

In June 2008, McKinney, a state prisoner incarcerated at Trenton State Prison in New Jersey, began this action under 42 U.S.C. § 1983 in the District Court. His claims arise from his arrest in June 2006 for sexual assault of a minor. McKinney initially faced several charges pertaining to two minors, was indicted by a grand jury, and subsequently pleaded guilty to sexual assault of one of the two girls. He originally made § 1983 claims against several parties involved in different stages of his investigation and prosecution, including a police supervisor, prosecuting attorneys, medical personnel, a grand jury witness, and an employee of the hotel where the assault took place. In addition, he challenged the validity of his arrest, prosecution, and incarceration. McKinney's second amended complaint alleged, among other things, that Robert Bracken (incorrectly identified as "Braken"), a police sergeant, deliberately misrepresented material facts when obtaining a search warrant for McKinney's hotel room, and that, because of this, McKinney was falsely arrested. Specifically, McKinney claimed that Bracken's affidavit described McKinney as African-American, despite the earlier description by one of the complainants of her assailant (to other parties) as Hispanic, and that probable cause therefore did not exist for his arrest.

2

In order to better understand McKinney's allegations, the District Court instructed him to amend his complaint several times. During this period, the District Court dismissed with prejudice McKinney's claims against several defendants. McKinney, for his part, added other parties as defendants, including Bracken. The suit proceeded against Bracken alone. Ultimately, he moved for summary judgment, which the District Court granted. McKinney timely appealed.

## II.

We have appellate jurisdiction under 28 U.S.C. § 1291.[1] See Long v. Atl. City Police Dep't., 670 F3d 436, 443 (3d Cir. 2012). We exercise plenary review over an order granting summary judgment. DeHart v. Horn, 390 F.3d 262, 267 (3d Cir. 2004). Our review over the District Court's dismissal of several of McKinney's claims is plenary. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may summarily affirm when an appeal presents us with no substantial question. See L.A.R. 27.4; I.O.P. 10.6.

---

[1] Bracken made crossclaims as well as a counterclaim for his legal fees and costs. The defendants named in Bracken's crossclaims were never served or made part of the action, so the fact that the District Court never formally ruled on the claims poses no obstacle to our exercise of appellate jurisdiction. See Gomez v. Gov't. of the Virgin Islands, 882 F.2d 733, 736 (3d Cir. 1989) (citing United States v. Studivant, 529 F.2d 673, 674 (3d Cir. 1976)). Nor does Bracken's unresolved counterclaim against McKinney, which merely sought attorney's fees and costs for defending this litigation, as decisions on the merits are final despite unresolved claims for attorney's fees. See Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emp'rs, 134 S. Ct. 773, 777 (2014).

III.

A.  Earlier District Court orders granting motions to dismiss

McKinney's first two complaints stated a host of claims under § 1983 against numerous defendants, who twice moved to dismiss.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Blanket assertions and conclusory statements by themselves do not suffice to show plausibility.  See Renfro v. Unisys Corp., 671 F.3d 314, 320 (3d Cir. 2011).

1.  Claims dismissed in the September 3, 2008, order

The District Court properly rejected Davis' claim against the Passaic County Prosecutor's Office.  See Estate of Lagano v. Bergen Cnty. Prosecutor's Office, 769 F.3d 850, 855 (3d Cir. 2014) (holding that New Jersey County prosecutor's offices are considered state agencies for § 1983 purposes when fulfilling their law enforcement and investigative – as opposed to administrative – roles).  Further, the District Court correctly held that Defendants Roby and Kane were immune from suit for their actions as prosecutors in McKinney's criminal case.  Kulwicki v. Dawson, 969 F.2d 1454, 1463 (3d Cir. 1992).  The District Court also correctly dismissed McKinney's claims that the hospital and one of its supervisors allowed treatment practices that contributed to his conviction.  Among other things, McKinney did not allege facts establishing that either party had the requisite personal involvement with the victim's treatment.  See Rode v.

4

Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). More fundamentally, McKinney's allegations against Defendant Russell, the hospital employee who personally examined the victim, sounded only in negligence, which is not actionable under § 1983. See Farmer v. Brennan, 511 U.S. 825 (1994). McKinney's claim for immediate release was properly denied as a plaintiff may not use § 1983 to challenge the fact of his confinement. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

The District Court dismissed McKinney's malicious prosecution claims under Heck v. Humphrey, 512 U.S. 477 (1994), but McKinney's criminal case was still pending at the time. Heck does not apply to "an anticipated future conviction." [2] Wallace v. Kato, 549 U.S. 384, 393 (2007). The Supreme Court has noted that a proper course of action in a situation like McKinney's would be for the District Court to stay the adjudication of the plaintiff's claim until the end of his criminal proceedings.[3] See id. At that time, if the result was a determination of guilt, the District Court would then dismiss the claim under

---

[2] Further, to prevail on a malicious prosecution claim under § 1983, a plaintiff must show that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir.2003). Because McKinney's case was ongoing at the time of the District Court order, he would not have then been able to satisfy the second element of malicious prosecution. See Kossler v. Crisanti, 564 F.3d 181, 190 n.6 (3d Cir. 2009) (en banc).
[3] The fact that McKinney pleaded guilty to only one charge as part of a bargain with prosecutors does not imply a favorable termination of his criminal case, as is required to make out a claim of malicious prosecution. See Hilfirty v. Shipman, 91 F.3d 573, 580 (3d Cir.1996)) ("A prosecutor's decision to drop charges as part of a compromise with the accused does not amount to a 'favorable termination[.]'").

Heck.  Id.; see also Dique v. New Jersey State Police, 603 F.3d 181, 187–188 (3d Cir. 2010).  As McKinney pleaded guilty to the sexual assault charge in criminal court before the termination of his case in District Court, thus rendering his claim Heck-barred, we conclude that the District Court's earlier, premature dismissal of this claim was harmless error.  See Quinn v. St. Louis Cnty., 653 F.3d 745, 750 (8th Cir. 2011).

### 2.  Claims dismissed in the January 16, 2009, order

The District Court correctly dismissed four claims in McKinney's first amended complaint.  McKinney claimed that "Chief John Doe Farrari" (Bracken's superior) should be liable for Bracken's actions, but liability under § 1983 cannot be predicated on a theory of respondeat superior.  See Rode, 845 F.2d at 1207.  As the District Court concluded, McKinney's claim against "Jane Doe, Howard Johnson Hotel Clerk," for failing to give him a copy of the search warrant, failed because she was not a state actor.  See West v. Atkins, 487 U.S. 42, 48 (1988).  McKinney's claims about the grand jury testimony of Defendant Loran failed because Loran enjoys immunity for the content of that testimony.  See Briscoe v. LaHue, 460 U.S. 325, 329, 341-43 (1983).  The District Court correctly dismissed McKinney's slander and libel claims as time-barred, as they were filed outside the applicable one-year statute of limitations.  See N.J. Stat. Ann § 2A:14-3.

### B.  District Court's September 17, 2014, summary judgment order

We now turn to the District Court's order that summarily disposed of McKinney's remaining claims.  Summary judgment is proper where, viewing the evidence in the light

6

most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; Kaucher v. Cnty. of Bucks, 455 F.3d 418, 422-23 (3d Cir. 2006). Here, McKinney has failed to raise a genuine issue of material fact regarding the District Court's decision either on the lawfulness of the search warrant or regarding the basis for his arrest.

### 1. Unlawful search claim

McKinney argued that Bracken made false statements in his affidavit, thereby invalidating the search warrant for his hotel room. A search warrant is valid if supported by probable cause that particular contraband or evidence will be found in a particular place. Ill. v. Gates, 462 U.S. 213, 238 (1983). To defeat probable cause, a plaintiff must show that misstatements in a warrant affidavit were "material, or necessary, to the finding of probable cause," and were made "knowingly and deliberately, or with a reckless disregard for the truth." Sherwood v. Mulvihill, 113 F.3d 396, 399 (3d Cir. 1997) (internal citations omitted).[4]

---

[4] Section 1983 claims for unreasonable searches and seizures are not categorically barred by Heck. Heck, 512 U.S. at 487 n.7. Here, McKinney's claims, if proven, do not necessarily imply the invalidity of his conviction. McKinney never disputed that he was in the hotel room with the girls. In fact, he admitted that he had "a statutory rape relationship" with one of them. Even if McKinney could prevail on his claim that the search of his hotel room was unreasonable, enough undisputed evidence exists to prevent the invalidation of his conviction. Accordingly, his unreasonable search claim is not Heck-barred. See id.

7

McKinney claimed that Bracken deliberately misstated his race when obtaining the search warrant for his hotel room. He also claimed that Bracken at one point falsely described the second minor present as an "eye-witness," when, in another part of his affidavit, Bracken stated that she was not in the room when the sexual assault took place. There is no dispute, however, that the minor was present during the commission of a number of illegal acts for which McKinney was originally charged (such as giving alcohol to minors), though McKinney later pleaded guilty only to the sexual assault charge. She was, therefore, an eye-witness to at least some of the events that Bracken described in his affidavit. In addition, as the District Court correctly noted, Bracken sought only a search warrant for a specific hotel room, which both the victim and witness identified as the scene of the assault. "The Fourth Amendment requires a warrant to describe only 'the place to be searched, and the persons or things to be seized', not the persons from whom things will be seized." United States v. Kahn, 415 U.S. 143, 155 n.15 (1974) (quoting United States v. Fiorella, 468 F.2d 688, 691 (2d Cir. 1972)); see also United States v. Tehfe, 722 F.2d 1114, 1117-18 (3d Cir. 1983) (holding that search warrants are directed at property, not at persons). McKinney's race was therefore not a material fact with respect to the search warrant for the hotel room. See United States v. Long, 774 F.3d 653, 658-59 (10th Cir. 2014). Notably, McKinney did not dispute the truthfulness of Bracken's statements regarding the location of the hotel room, which is the pertinent material fact in determining whether the warrant was based on probable cause. Accordingly, the District Court did not err in concluding that the errors or false

8

statements alleged by McKinney were not necessary to the finding of probable cause. See Wilson v. Russo, 212 F.3d 781, 786-87 (3d Cir. 2000); Tehfe, 722 F.2d at 1117-18.

### 2. False arrest claim

McKinney's claim that Bracken had no probable cause to arrest him also fails.[5] To hold a police officer civilly liable for false arrest, a plaintiff must plead sufficient facts to support the inference that "'no reasonable competent officer' would conclude that probable cause exists." Wilson, 212 F.3d at 786 (3d Cir. 2000) (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986)). "Probable cause exists whenever reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested." United States v. Myers, 308 F.3d 251, 255 (3d Cir. 2002). A positive identification by a victim witness is usually sufficient alone to establish probable cause. Wilson, 212 F.3d at 790. Notably, too, indictment by a grand jury, as here, generally constitutes prima facie evidence of probable cause. Rose v. Bartle, 871 F.2d 331, 353 (3d Cir. 1989). Here, because McKinney rented the hotel room during the period that the assault took place and was independently identified from a

---

[5] This claim is also not categorically barred by Heck. Compare Montgomery v. De Simone, 159 F.3d 120, 126 n.5 (3d Cir. 1998) ("claims for false arrest and false imprisonment are not the type of claims contemplated by the Court in Heck which necessarily implicate the validity of a conviction or sentence"), with Gibson v. Superintendent, 411 F.3d 427, 451-52 (3d Cir. 2005) (finding Heck rule applies because the only evidence supporting conviction was found pursuant to a constitutional violation that was the subject of plaintiff's § 1983 claim). Here, because ample other evidence existed in support of McKinney's arrest, Heck does not apply.

photo array by each minor involved in the incident, probable cause existed for his arrest. The District Court was therefore correct in granting summary judgment to Bracken regarding the false arrest claim.

IV.

For the reasons given, we will summarily affirm the judgment of the District Court.