DLD-257                                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1352
_____

OMAR FOLK,
                    Appellant

v.

PRIME CARE MEDICAL; DAUPHIN COUNTY PRISON; PERRY COUNTY
PRISON; ATTORNEY GENERAL OF PA; DAVID E. YEINGST; DOMINICK
DEROSE; P.A. TONYA SCHISLER; LPN TOM TOOLAN; DR. MATTHEW LEGAL;
LT. TWIGG; SGT. KELLER; THOMAS LONG; CITY OF HARRISBURG; PERRY
COUNTY CITY; HEIDI R. FREESE; DAUPHIN COUNTY; C.O. CHARLES
DONBAUGH; P.A. YOUNG; BOARD CHAIRMAN; PERRY COUNTY PRISON;
CHAD CHENET; PERRY COUNTY PRISON BOARD
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil No. 3-13-cv-00474)
District Judge:  Honorable Richard P. Conaboy
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 5, 2018
Before:  JORDAN, SHWARTZ and KRAUSE, Circuit Judges

(Opinion filed: July 10, 2018)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant Omar Folk, proceeding in forma pauperis, appeals from the District Court's dismissal of his claims against numerous defendants in a civil rights action Folk brought pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). For the reasons that follow, we will summarily affirm the District Court's judgment.

I.

Because we write primarily for the parties, we will recite only the facts necessary for our discussion. In July 2012, Folk was incarcerated in the Dauphin County Prison in Harrisburg, Pennsylvania. Folk injured his leg in late July 2012 while at the prison gym. Medical personnel evaluated Folk and wrote orders for an x-ray, crutches, an ACE wrap, and medical restrictions; Folk was also given ice and prescribed pain medication. The x-ray results were normal. Folk was also seen by a doctor in early August.

Sometime between early August and early September 2012, Folk was transferred to the Perry County Prison. Medical staff at the Perry County Prison also evaluated Folk and ordered an MRI of his knee. When it was determined that Folk needed surgery, they conducted pre-surgical testing in November 2012 and surgery was scheduled for December 2012. The surgery was rescheduled and ultimately performed in late February 2013.

In several incidents unrelated to his medical care, Folk claims that he was given inadequate access to the prison law library and denied printouts of cases from the law

library several times at Perry County Prison between September 2012 and February 2013. Folk repeatedly asked prison staff to print out cases for him and was told that the prison did not print cases for inmates, although he could copy cases for himself at the law library. Folk also sought to access the law library outside of the posted available hours. Additionally, he claims that his court-appointed federal public defender failed to obtain a continuance in a federal criminal case and that she gave him poor advice.

In February 2013, Folk filed a complaint in the District Court against numerous defendants: Perry County Prison; the Perry County Prison Board; Board Chairman Charles Chenot; Perry County Prison Warden David Yeingst; Deputy Warden Thomas Long; Lieutenant Twigg; Sergeant Keller; the City of Harrisburg; Dauphin County Prison; Dauphin County Prison Warden Dominick DeRose; Physician's Assistant Tanya Schisler; Nurse Thomas Toolan; Dr. William Young; PrimeCare Medical, Inc.; Dr. William Legel; the Attorney General of Pennsylvania; and, finally, Assistant Federal Public Defender Heidi Freese. Folk alleged Eighth Amendment deliberate indifference claims against the majority of these defendants, as well as a due process claim against Freese and access to the courts claims against Yeingst, Long, Twigg, and Keller.

Groups of defendants then sought dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), which the District Court granted. On January 26, 2018, the District Court dismissed Folk's sole remaining federal claim against Legel sua sponte for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). It denied Folk's numerous requests for leave to amend his complaint as futile in several of these decisions and

3

declined to exercise supplemental jurisdiction over his state law claims after dismissing all of his federal claims. Additionally, the Court denied Folk's two motions for appointment of counsel in 2013 and 2016. After the District Court entered an order dismissing and closing the case, Folk filed a timely notice of appeal.[1]

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[2] We exercise plenary review over the District Court's decisions to grant defendants' motions to dismiss. See Fowler v. UPMC Shadyside, 578 F.3d 203, 206 (3d Cir. 2009). In reviewing a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that [the] plaintiff's claims lack facial plausibility." Id.

"[W]e review the District Court's denial of leave to amend for abuse of discretion, and review de novo its determination that amendment would be futile." See U.S. ex rel.

---

[1] Folk later timely amended his notice of appeal to include the District Court's denial of his second motion for reconsideration.

[2] Folk named three additional defendants in his complaint who were never served with process. Because these defendants were never served, they were never parties to the case within the meaning of Federal Rule of Civil Procedure 54(b). See Gomez v. Gov't of Virgin Islands, 882 F.2d 733, 735-36 (3d Cir. 1989); United States v. Studivant, 529 F.2d 673, 674 n.2 (3d Cir. 1976). Thus, the District Court's orders are final and appealable and we have jurisdiction over this appeal. See Gomez, 882 F.2d at 735-36.

Schumann v. Astrazeneca Pharm. L.P., 769 F.3d 837, 849 (3d Cir. 2014). We also review a District Court's denial of motions for reconsideration and for appointment of counsel for abuse of discretion. See Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999); Tabron v. Grace, 6 F.3d 147, 158 (3d Cir. 1993). We may summarily affirm a district court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

III.

The District Court properly dismissed Folk's claims against all defendants. First, the District Court correctly concluded that Folk could not state a claim against the City of Harrisburg, Dauphin County Prison, Perry County Prison, the Perry County Prison Board, or PrimeCare because he did not allege that any constitutional violation stemmed from a policy or custom of any of these entities. See Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978); see also Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 584 (3d Cir. 2003).

The Court also correctly dismissed Folk's claim against Freese, as she did not act under color of law when she served as Folk's public defender in the course of his federal trial, a threshold requirement for establishing a Bivens claim against her. See Polk Cty. v. Dodson, 454 U.S. 312, 324 (1981) ("[A] public defender does not act under color of . . . law when performing a lawyer's traditional functions as counsel to a defendant in a

5

criminal proceeding."). None of Folk's allegations indicate that she acted outside of that capacity.

The District Court's dismissals of Folk's claims against Chenot, Yeingst, Long, Twigg, Keller, DeRose, and the Attorney General of Pennsylvania were also all correct, as Folk did not allege their personal involvement in any civil rights violation. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs."). Although some of these defendants were apparently involved in responding to some of Folk's prison grievances, there are no allegations linking them to the underlying incidents and thus no basis for liability based on those later grievance reviews.

Folk's deliberate indifference claims against Schisler, Toolan, Young, and Legel were also properly dismissed. These defendants are all medical providers who were involved in the treatment of Folk's leg injury. The Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976). Establishing a claim requires proving both an objective component — "a serious medical need" — and a subjective component — "acts or omissions by prison officials that indicate deliberate indifference to that need." Natale, 318 F.3d at 582. A plaintiff may show deliberate indifference by demonstrating that "there was objective evidence that [the] plaintiff had serious need for medical care . . . and prison officials ignored that evidence" or "where necessary medical

6

treatment is delayed for non-medical reasons." See id. (internal quotation marks omitted).

Folk's allegations about his leg injury are the most extensive in his complaint, but they do not explain how any of these medical providers exhibited deliberate indifference to a serious medical need. His complaint vaguely alleges that: Young ordered x-rays and prescribed him stronger pain medication than he had previously been receiving; Legel noted when treating Folk that he would need surgery because it had taken too long to treat his injury; Schisler somehow caused him pain and suffering; and Toolan somehow did not treat him quickly enough at some point. Folk's allegations about Young and Legel simply recite their medical opinions and treatment plans, which Folk does not appear to dispute. Folk's vague assertions about Toolan and Schisler contain no facts, only his conclusions about the appropriateness of unidentified actions at unknown times. These allegations are insufficient to state a claim of deliberate indifference against any of these defendants. Thus, all of these defendants were properly dismissed.

The District Court did not abuse its discretion in denying Folk's motions for reconsideration. Even considering any new allegations and attachments included in his motions, Folk did not establish that the dismissal of Schisler, Toolan, Young, and PrimeCare was improper. Rather, Folk appears to have disagreed with the District Court's decision, which is not a basis for reconsidering the dismissal. See In re Imperial "400" Nat., Inc., 391 F.2d 163, 172 (3d Cir. 1968).

7

The Court also did not abuse its discretion in denying Folk's requests to amend his complaint. Upon review, neither in his proposed amended complaint nor in his many subsequent filings does Folk explain how or when these specific defendants committed any civil rights violations.[3] He similarly has not identified any policy or custom by any municipal defendant that violated his civil rights in more than a vague and conclusory fashion. Folk's allegations demonstrate that he was provided with consistent medical care and pain management from the moment he was injured until he received surgery. It remains unclear why it took so many months to schedule his surgery, but even if Folk's surgery date was improperly delayed, his allegations do not implicate any of these defendants or any other parties in the delay. He alleges no deliberate behavior to interfere with his medical treatment. Thus, granting Folk leave to amend would have been futile.[4] See Schumann, 769 F.3d at 849. Accordingly, we will summarily affirm the judgment of the District Court.

---

[3] In his argument in support of appeal, Folk raises for the first time a number of apparently unrelated incidents that have allegedly occurred while he has been incarcerated. We cannot consider these incidents in this appeal, see In re Diet Drugs Prod. Liab. Litig., 706 F.3d 217, 226 (3d Cir. 2013), but Folk could pursue his allegations in a new civil action.

[4] Because none of Folk's claims is arguably meritorious, the District Court did not err in denying Folk's motions for appointment of counsel. See Tabron, 6 F.3d at 158.