**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1542
_____

ROBERT TAYLOR,
Appellant

v.

THE COMMONWEALTH OF PENNSYLVANIA COMMONWEALTH OF
PENNSYLVANIA DISTRICT ATTORNEYS OFFICE; THE COMMONWEALTH
COURT PHILADELPHIA CRIMINAL JUSTICE CENTER (CJC); FRANK
PALUMBO, Currently Official Judge; THE CITY OF PHILADELPHIA; OBRIEN,
Currently City of Philadelphia Police Officer #7461; UNNAMED AND UNKNOWN
CITY OF PHILADELPHIA POLICE OFFICERS; THE PHILADELPHIA PRISON
SYSTEM/DEPARTMENT OF PRISONS CURRAN-FROMHOLD CORRECTIONAL
FACILITY (CFCF); GERALD MAY, Currently Warden; THE PHILADELPHIA
SHERIFFS OFFICE; THE PHILADELPHIA PUBLIC DEFENDERS ASSOCIATION;
CHRIS ANGELO, Currently Public Defender; SGT. LEBESCO, Prison Official
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 2:17-cv-03369)
District Judge: Honorable Joel H. Slomsky
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 4, 2020

Before: AMBRO, GREENAWAY, JR. and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 14, 2020)

_____

OPINION[*]

_____

PER CURIAM

Pro se appellant Robert Taylor appeals from the District Court's dismissal of his claims pursuant to 42 U.S.C. § 1983 as well as his related state law claims. For the reasons that follow, we will affirm the District Court's judgment.

I.

In 2017, Taylor filed a complaint in the District Court. After the District Court dismissed his complaint sua sponte, Taylor appealed. On remand from this Court, Taylor amended his complaint to allege a variety of civil rights claims against eleven named defendants as well as unidentified defendants. Many defendants moved to dismiss, and the District Court granted their motions. Taylor sought relief under Federal Rule of Civil Procedure 60(b)(1) and (b)(6). When the District Court denied his motion, he timely appealed.

Taylor was arrested and detained for allegedly violating his probation in November 2015 and remained incarcerated until he was released after his violation of

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

probation proceedings concluded on July 12, 2017.[1]  In his amended complaint, Taylor alleged that he was stopped, asked harassing questions, and arrested without cause by Officer Obrien and an unidentified officer.  He further maintained that he was held in a police vehicle for several hours while he was handcuffed before he was processed by police officers.  After he was charged with violating his probation, Taylor's hearing on the matter was repeatedly continued while Taylor completed mental health and competency evaluations.  Taylor maintained in his amended complaint that the Philadelphia Sheriff's Office repeatedly brought him to and from the Curran-Fromhold Correctional Facility ("CFCF"), where he was detained pending the outcome of his violation of probation hearing, to the Philadelphia Criminal Justice Center ("CJC").  Taylor contended that Judge Frank Palumbo, who presided over Taylor's violation of probation matter in the Philadelphia County Court of Common Pleas, conspired with numerous defendants to keep him detained without cause.  Taylor also alleged that he wrote to the Defender Association of Philadelphia in January 2017, seeking to terminate his representation by a public defender.

   While he was incarcerated at CFCF, Taylor maintained that unidentified prison

---

[1]  Taylor's public state criminal record contains information regarding his 2015 arrest and his subsequent criminal proceedings.  The District Court appropriately took judicial notice of the public records of Taylor's criminal proceedings in its decisions, as it may do "at any stage of the proceeding," see Fed. R. Evid. 201(b), (d), contrary to Taylor's assertion on appeal that, in doing so, the District Court improperly converted defendants' motions to dismiss into motions for summary judgment.

officials opened and resealed his legal mail before he could read it.  He also maintained that he was forced to share a cell meant for two inmates with two or three other inmates and that he sometimes had to sleep on a plastic "boat" on the ground because there were insufficient beds for all inmates in his cell.  Taylor alleged that he was sometimes kept in his cell for up to 20 hours a day, that he was sometimes insufficiently fed, that showers were limited, and that the prison had excessive lockdowns.  Additionally, he reported to prison officials in November 2016 that his cell was severely cold for several days.

Taylor next alleged that he was subjected to unreasonable strip searches when he was returning to his cell from other areas of CFCF.  He also claimed that defendant Sergeant Lebesco and another correctional officer searched his cell in June 2017 and that during the search, he was sprayed in the eyes with a chemical spray without provocation.  Taylor claimed that medical staff purposely denied him medical care for 45 minutes while he remained in restraints after he was brought to the medical unit to receive medical care.

Further, Taylor maintained that he was prevented in participating in religious services, sometimes for months, and prevented from praying in his housing block.  Taylor claimed that prisoners of other religious faiths were given designated times and spaces to pray but that he was not.  He also alleged that other prisoners had access to a minister of their faith but that he did not.  Taylor maintained that while he was fasting due to his faith in June 2016, he was not given food or drink until one to two hours after his fasting was

4

complete every day and was restricted to his cell. Further, Taylor claimed that he was not provided with a diet that was appropriate for his religious beliefs. Taylor stated that Warden Gerald May either directed prison staff to commit these violations or knew about the violations and failed to discipline his staff.

Finally, Taylor claimed that his dietary needs were neglected when he was not provided with a diet that was suitable for his health conditions, although ultimately his requests for special dietary accommodations were granted. Taylor also alleged that he experienced an asthma attack after the prison delayed refilling a prescription for an asthma inhaler. Taylor further maintained that he was not provided with a breathing treatment that he believed he needed to address his asthma attack.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[2] We exercise plenary review over the District Court's dismissal of Taylor's claims. See Fowler v. UPMC Shadyside, 578 F.3d 203, 206 (3d Cir. 2009). In our review, "we accept all

---

[2] As Taylor has made clear in his appellate filings, he never properly served one of the defendants named in his complaint pursuant to Federal Rule of Civil Procedure 4. The District Court did not address this remaining defendant its decisions. Because this defendant was never properly served, it was never a party to the case within the meaning of Federal Rule of Civil Procedure 54(b). See Gomez v. Gov't of Virgin Islands, 882 F.2d 733, 735-36 (3d Cir. 1989); United States v. Studivant, 529 F.2d 673, 674 n.2 (3d Cir. 1976). Thus, the District Court's orders are final and appealable and we have jurisdiction over this appeal. See Gomez, 882 F.2d at 735-36. We construe one of Taylor's filings regarding this service issue — which he has titled as a motion — to be a response to this Court's request for supplemental briefing.

factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011) (citation omitted). Dismissal is appropriate "if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that [the] plaintiff's claims lack facial plausibility." Id. We review a district court's denial of a motion under Rule 60(b)(1) and (b)(6) for abuse of discretion. See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008).

III.

We agree with the District Court's dismissal of Taylor's claims. First, the District Court properly dismissed Taylor's claims against the CJC and Judge Palumbo. The CJC is not a "person" for purposes of § 1983. See Callahan v. City of Philadelphia, 207 F.3d 668, 673 (3d Cir. 2000). Next, "[a] judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam). A judge "will be subject to liability only when he has acted in the clear absence of all jurisdiction." Id. (internal quotation marks omitted). Taylor's unsupported personal belief that a conspiracy between Judge Palumbo and various defendants in the court system kept him incarcerated is insufficient to state a claim against any of those defendants. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 178 (3d Cir. 2010) ("[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a

6

conspiratorial agreement can be inferred.").  Because Taylor's factual allegations do not suggest that Judge Palumbo acted outside of the scope of his position, Taylor's claims against him are barred by absolute judicial immunity.

Next, the District Court correctly dismissed Taylor's claims against the Defender Association of Philadelphia and an individual public defender, Chris Angelo.  Public defenders do not act under color of state law for purposes of § 1983 when they "perform[] a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."  Polk County v. Dodson, 454 U.S. 312, 325 (1981).  Taylor made no factual allegations regarding the Defender Association or his individual public defender aside from his contention that he asked to terminate his representation by a public defender. Thus, Taylor cannot establish that his public defender acted outside of his traditional capacity or that he could state a claim against either defendant.

The District Court also properly dismissed Taylor's claims against CFCF, the Sheriff's Office, and the City of Philadelphia.  As the District Court explained, Taylor's claims against both CFCF and the Sheriff's Office are claims against the City of Philadelphia.  See 53 Pa. Stat. Ann. § 16257 (requiring that all suits stemming from transactions of any department of the City of Philadelphia be in the name of the City). However, Taylor's allegations against the City failed to state a § 1983 claim.

A plaintiff seeking to pursue a § 1983 claim against a municipality must identify a municipal policy or custom that resulted in his alleged constitutional violations.  See

7

Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-92 (1978); see also Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996) ("When a suit against a municipality is based on § 1983, [a] municipality can only be liable when the alleged constitutional transgression implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom."). Because Taylor did not identify any policies or customs in his complaint underlying his remaining allegations regarding his arrest or the individual issues he faced in prison, his allegations did not form a basis for Monell liability by the City. See Monell, 436 U.S. at 690-92. On appeal, Taylor has briefly summarized his allegations but has still not identified any policies or customs that extended beyond his own experience underlying his claims against the City. Accordingly, Taylor's claims against the City, and thus his claims against CFCF and the Sheriff's Office, were properly dismissed.

The District Court also properly concluded that Taylor failed to state an excessive force claim against Lebesco based on his allegations about being sprayed with a chemical spray. Taylor's vague insistence that the application of the spray was unreasonable, without alleging any of the underlying specific circumstances of the incident, is not sufficient to state a claim against Lebesco. See Whitley v. Albers, 475 U.S. 312, 320-21 (1986) (explaining that "whether [a] measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of

8

causing harm") (internal quotation marks and citation omitted). Although Taylor claims that he was later denied medical care while he remained restrained, he does not contend that Lebesco was involved in any alleged denial of medical care. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs.").

Taylor also did not state a claim against Obrien, the officer who arrested him, as he alleged that Obrien was involved with his arrest but did not identify how Obrien personally violated his constitutional rights in any way.[3] See id. Similarly, despite Taylor's unsupported statement that Warden May was aware of his alleged constitutional violations, Taylor did not allege Warden May's personal involvement in any of the incidents alleged in his complaint. See id. The District Court thus properly dismissed Taylor's claims against remaining defendants Lebesco, Obrien, and May.[4]

The District Court did not abuse its discretion in denying Taylor's motion under Rule 60(b)(1) and (b)(6). For the reasons given by the District Court, Taylor's arguments all either lacked merit or were not grounded in a proper basis for relief. See Budget Blinds, 536 F.3d at 251.

---

[3] For this same reason, the District Court also correctly concluded that Taylor could not state a claim based on his vague allegations against any unnamed police officer defendant who was involved with his arrest.

[4] The District Court did not abuse its discretion in declining to exercise supplemental jurisdiction over Taylor's state law claims. See 28 U.S.C. § 1367(c).

9

On appeal, Taylor argues that his complaint, as drafted, sufficiently alleged the facts underlying the claims he sought to pursue; he does not address the deficiencies that the District Court identified with his complaint. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005) ("[A]n appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal."). Any further opportunity for amendment would thus have been futile under the circumstances of this case. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

For the reasons above, we will affirm the judgment of the District Court.[5]

---

[5] In light of our disposition, we deny Taylor's motion to reverse the denial of his motion for reconsideration. We also deny Taylor's motion for sanctions.