NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1198
_____

RICKY KAMDEM-OUAFFO, PHD t/a Kamden Group,
Appellant

v.

COLGATE PALMOLIVE COMPANY, a Delaware Corporation, Headquarters in New
York, NY; HILL'S PET NUTRITION INC.; SARAH B. MARTINEZ, individual
capacity and in capacity with Hill's and Colgate; LUIS J. MONTELONGO, individual
capacity and in capacity with Hill's and Colgate; BRENT K. POPE, individual capacity
and in capacity with Hill's and Colgate; DENNIS JEWELL, individual capacity and in
capacity with Hill's and Colgate; LYNDA MELENDEZ, individual capacity and in
capacity with Hill's and Colgate; DAVE BALOGA, individual capacity and in capacity
with Hill's and Colgate; DEBRA NICHOLS, individual capacity and in capacity with
Hill's and Colgate; JOHN DOES 1-10; ABC CORPS. 1-10

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:15-cv-07902)
District Judge:  Honorable Claire C. Cecchi

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 15, 2021

Before: KRAUSE, BIBAS and SCIRICA, Circuit Judges

(Opinion filed:  February 8, 2022)

---

OPINION[*]

---

PER CURIAM

Trained in food chemistry and engineering, New Jersey resident Ricky Kamdem-Ouaffo creates food-flavor ingredients and formulas. Kamdem-Ouaffo filed suit in federal court claiming, in general, that his ideas for making pet food more palatable and safe were misappropriated by Colgate-Palmolive Company and Hill's Pet Nutrition (collectively: Colgate). Colgate allegedly had access to Kamdem-Ouaffo's ideas via Naturasource International LLC (collectively, with its operator Laslo Pokorny: Naturasource), a company Kamdem-Ouaffo had hired to market his products. Kamdem-Ouaffo contended that patent applications later prosecuted by Colgate confirm both misappropriation of his ideas and noncompliance with a confidentially agreement.

This very dispute, however, had already resolved against Kamdem-Ouaffo in New Jersey state court. More specifically, the state trial court on August 20, 2015 granted Naturasource's motion for summary judgment, declined to reinstate Kamdem-Ouaffo's previously dismissed claims against Colgate (and others), denied Kamdem-Ouaffo's cross-motion for summary judgment, and dismissed Kamdem-Ouaffo's action "in its entirety with prejudice." Doc. 19 at 4 (SA2).

Based on that procedural history, the District Court granted Colgate's and Naturasource's motions under Federal Rule of Civil Procedure 12(b) and dismissed

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Kamdem-Ouaffo's amended complaint without prejudice. The District Court determined that Kamdem-Ouaffo's claims are barred by the <u>Rooker</u>-<u>Feldman</u>[1] doctrine, res judicata and collateral estoppel, and that subject matter jurisdiction over the action is lacking because there is not complete diversity of party-citizenship under 28 U.S.C. § 1332 (Naturasource, like Kamdem-Ouaffo, is a citizen of New Jersey) and because there are no federal questions that would permit jurisdiction under 28 U.S.C. § 1331.

A second and then third amended complaint followed.[2] For both pleadings, Kamdem-Ouaffo dropped Naturasource as a defendant and added as defendants several Colgate employees (who appear not to have ever been properly served with process). The third amended complaint was met by a motion from Colgate seeking dismissal under Rule 12(b)(1) and Rule 12(b)(6).

The District Court sent the parties to mediation, which proved unsuccessful. Months later, the District Court denied Kamdem-Ouaffo's recusal motion and granted Colgate's motion to dismiss. Again relying on the doctrines of <u>Rooker</u>-<u>Feldman</u>, res judicata and collateral estoppel, the District Court dismissed the third amended complaint with prejudice and without leave to further amend. Kamdem-Ouaffo appealed.

We have jurisdiction under 28 U.S.C. § 1291. <u>See</u> <u>Gomez v. Gov't of V.I.</u>, 882 F.2d 733, 735–36 (3d Cir. 1989). Our standard of review of a refusal to recuse is abuse-

---

[1] <u>D.C. Ct. of Appeals v. Feldman</u>, 460 U.S. 462 (1983); <u>Rooker v. Fid. Tr. Co.</u>, 263 U.S. 413 (1923).

[2] In the interim, Kamdem-Ouaffo voluntarily dismissed his case, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), and then reopened it after the District Court offered one final chance to amend.

of-discretion. See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000). And our standard of review of a dismissal under Rule 12(b)(1) or Rule 12(b)(6) is de novo. See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018); Davis v. Wells Fargo, 824 F.3d 333, 346 (3d Cir. 2016).

The District Court did not abuse its discretion in rejecting the recusal request filed by Kamdem-Ouaffo because he provided no colorable basis for recusal. Cf. Liteky v. United States, 510 U.S. 540, 555 (1994); Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir. 1990). Furthermore, we agree with the District Court's res judicata determination, for substantially the reasons in the District Court's written opinion supporting that determination.[3] In short, all of the res judicata elements under New Jersey law are present. See Brookshire Equities, LLC v. Montaquiza, 787 A.2d 942, 947 (N.J. Super. Ct. App. Div. 2002) (res judicata applies if there is "(1) a final judgment by a court of competent jurisdiction, (2) identity of issues, (3) identity of parties, and (4) identity of the cause of action"); see also Hoffman v. Nordic Nats., Inc., 837 F.3d 272, 279 (3d Cir. 2016); cf. McCarter v. Mitcham, 883 F.2d 196, 199 (3d Cir. 1989) (applying preclusion law of the judgment-entering state court).[4]

---

[3] The District Court used the term "res judicata" so we do the same, while noting that the term is interchangeable with "claim preclusion." See Beasley v. Howard, No. 20-1119, --- F.4th ---, 2021 WL 4233947, at *3 (3d Cir. Sept. 17, 2021).

[4] We acknowledge Kamdem-Ouaffo's argument on appeal that when he filed a notice of removal in the District Court on August 14, 2015, the state court was required to stay its hand under 28 U.S.C. § 1446(d), and, therefore, its subsequently entered orders are void. Cf. 28 U.S.C. § 1446(d) ("Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the

Accordingly, the judgment of the District Court is affirmed. Kamdem-Ouaffo's miscellaneous requests for ancillary relief, including sanctions, are denied.

---

removal and the State court shall proceed no further unless and until the case is remanded."). Kamdem-Ouaffo, however, did not raise this particular argument in the District Court. As a result, the argument is not properly before us. See Simko v. U.S. Steel Corp., 992 F.3d 198, 205 (3d Cir. 2021) ("It is well-established that arguments raised for the first time on appeal are not properly preserved for appellate review.").