**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-1425

_____

CARLA M. MADER; MARTIN E. MADER,

Appellants

v.

UNION TOWNSHIP; HEATHER DAERR; CHARLES TRAX, JR.;
RICHARD LAWSON; FRANK L. MASSARI; GARY SWEAT;
KEVIN DAERR; JESSICA STINER; JARROD D'AMICO;
KRIS BOCKSTOCE; DOES 1-50; MICHAEL E. CRUNY

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-20-cv-01138)
District Judge:  Honorable Christy C. Wiegand

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 25, 2022
Before:  SHWARTZ, BIBAS, and PHIPPS, Circuit Judges

(Opinion filed: December 9, 2022)
_____

OPINION*
_____

PER CURIAM

    Pro se appellants Carla and Martin Mader appeal the District Court's order

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

dismissing their civil action. For the reasons discussed below, we will affirm.

This action primarily concerns two property disputes between the Maders and Union Township and its officials. The first regards the septic system at a property the Maders purchased in Union Township in 2018. As part of the closing process, the Township discovered that there was a problem with the property's septic system. As a result, the Township required that the seller of the property submit $41,700 in escrow to cover repairs. That occurred and the Maders closed; they received a six-month occupancy permit that was scheduled to expire on February 15, 2019.

By January 2019, the Maders had not started the repair work, and the Township contacted them about the occupancy permit. Jarrod D'Amico, the Township's Code Enforcement Officer, told the Maders to attend a Township meeting. They did so, on February 13, 2019, and Heather Daerr, the Chairperson of the Township Board of Supervisors, was allegedly hostile and threatened to have them removed from their property.

On February 14, 2019, D'Amico emailed the Maders that their occupancy permit would expire the next day and that it was unlawful to occupy the property without a permit. On February 15, 2019, the Maders hid in the property to avoid being evicted. It does not appear that they were ever evicted; on February 27, 2019, the Township extended the Maders' occupancy permit, and on April 7, 2019, the work on the septic system was completed.

The second dispute concerned the Township's plan to improve Cardox Road, the street on which the Maders' property is located. The Maders said they were given three

easement agreements: one for widening Cardox Road, one for installing sewer lines, and one for paving Cardox Road. The Maders did not agree to grant these easements, and eventually, the Township used eminent domain to take a portion of the Maders' property.

The Maders (along with two others who are no longer part of this action) filed a complaint in District Court in 2020, which they twice amended. In the second-amended complaint, the Maders asserted 28 claims of alleged violations of state and federal law. See ECF No. 126. The defendants moved to dismiss the complaint, which the District Court granted. In a 77-page opinion, the District Court concluded that the Maders had failed to state a claim but granted them leave to amend. See ECF No. 170. The Maders then filed a third-amended complaint, see ECF No. 183, which, on the defendants' motions, the District Court also dismissed, see ECF Nos. 194 & 195. The Maders appealed.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's order.[1] See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation omitted). It is not enough for a

---

[1] While the Maders also named as defendants several unnamed individuals, because they did not serve them, they are not parties for purposes of Fed. R. Civ. P. 54(b) and do not affect this Court's jurisdiction. See Gomez v. Gov't of the V.I., 882 F.2d 733, 736 (3d Cir. 1989); United States v. Studivant, 529 F.2d 673, 674 & n.2 (3d Cir. 1976).

plaintiff to offer only conclusory allegations or a simple recital of the elements of a claim. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

As the appellees point out, see 3d Cir. ECF No. 18 at 20–21, the Maders have, in large part, failed to develop arguments in their opening brief identifying error in the District Court's decision. They have forfeited any arguments they have not raised in their opening brief, and "it is well settled that a passing reference to an issue will not suffice to bring that issue before this court." Geness v. Cox, 902 F.3d 344, 355 (3d Cir. 2018) (quotation marks omitted). We will therefore limit our discussion to those issues that the Maders have properly raised.[2]

First, the Maders argue that their due process rights were violated during the proceedings concerning the replacement of their septic system. However, we agree with the District Court that they have failed to state a due-process claim. To the extent that the Maders have alleged a procedural-due-process claim, they have failed to show that the procedures available to them—which included both an opportunity to make their case in person to the Township and then, if necessary, to seek relief in state court—was constitutionally inadequate. See DeBlasio v. Zoning Bd. of Adjustment for Twp. of W. Amwell, 53 F.3d 592, 597 (3d Cir. 1995) (explaining that "a state provides

---

[2] In their brief, the Maders allege that they were excluded from a zoning meeting in violation of their First Amendment rights. However, the District Court, noting that the Township had made the meeting available over Zoom due to the COVID-19 pandemic, concluded that the named defendant was entitled to qualified immunity because there was no clearly established law showing that the Township's approach was constitutionally inadequate. The Maders have merely reasserted their initial allegations without citing any authority or addressing qualified immunity, and we therefore will not address this issue.

4

constitutionally adequate procedural due process when it provides reasonable remedies to rectify a legal error by a local administrative body"); Rogin v. Bensalem Twp., 616 F.2d 680, 694 (3d Cir. 1980). Indeed, the Maders obtained the renewed permit without needing to resort to state court proceedings. See Bello v. Walker, 840 F.2d 1124, 1128 (3d Cir. 1988).[3] Further, while they complain about the treatment they received during the Township meeting, that alleged conduct does not rise to the level of a due-process violation. See generally Withrow v. Larkin, 421 U.S. 35, 47 (1975); Robinson v. State of N.J., 806 F.2d 442, 450 (3d Cir. 1986).

Nor did the Maders plead a violation of substantive due process. To succeed on a substantive-due-process claim, the Maders were required to show that they had been deprived of property by government action that "shocks the conscience." United Artists Theatre Circuit, 316 F.3d at 400. This "prevents us from being cast in the role of a zoning board of appeals." Id. at 402 (quotation marks omitted). We have held that disputes of the type at issue here do not satisfy that standard. See Eichenlaub v. Twp. of Indiana, 385 F.3d 274, 286 (3d Cir. 2004).

With respect to the eminent-domain proceedings, the Maders claim that the defendants violated their constitutional rights by permitting two allegedly ineligible members of the Board of Supervisors to participate in the voting. However, as the District Court explained, the Maders litigated and lost that same claim in the eminent-

---

[3] United Artists Theatre Circuit, Inc. v. Twp. of Warrington, 316 F.3d 392, 400 (3d Cir. 2003), discussed below, noted that Bello's and DeBlasio's discussion of the substantive-due-process standard had been abrogated, but did not question those cases' analysis of procedural due process.

domain proceedings. Pennsylvania law, which governs this analysis, see Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 548 (3d Cir. 2006), provides that a final decision in an eminent-domain action will preclude a plaintiff from asserting related constitutional claims in a new action, see Balent v. City of Wilkes-Barre, 669 A.2d 309, 315 (Pa. 1995). Thus, we discern no error in the District Court's application of claim preclusion (and the Maders have not identified one).[4]

Accordingly, we will affirm the District Court's judgment.[5]

---

[4] Further, in filing their third amended complaint, the Maders did not reassert their claim involving Charles Trax even though the District Court had dismissed that claim without prejudice for failure to plead sufficient facts, and therefore they likely have forfeited review of that claim. See U.S. ex rel. Atkinson v. PA. Shipbuilding Co., 473 F.3d 506, 517 (3d Cir. 2007).

[5] Because we do not consider arguments raised for the first time in a reply brief, see Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 146 (3d Cir. 2017), it was unnecessary for appellee Bockstoce to file a sur-reply brief, and we deny his motion requesting leave to do so. As a result of that ruling, we deny as unnecessary the Maders' motion to strike the sur-reply. The Maders' motion for oral argument is denied.