DLD-040                                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2502
_____

BRUCE R. AIKINS,
                                    Appellant

v.

M&T BANK; ETC EQUITIES; PNC BANK
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:22-cv-02610)
District Judge:  Honorable Christine P. O'Hearn
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 26, 2024
Before:  RESTREPO, FREEMAN, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: January 9, 2025)
_____

OPINION[*]
_____

PER CURIAM

    Bruce R. Aikins, proceeding pro se, appeals from orders denying his motions

seeking post-judgment relief in a civil action related to foreclosure and bankruptcy

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

proceedings involving property that belonged to Aikins' mother. Because this appeal does not present a substantial question, we will summarily affirm.

In 2022, Aikins filed in the United States District Court for the District of New Jersey a complaint (ECF 1), which he later supplemented with a RICO case statement (ECF 23), raising vague fraud and civil racketeering claims. Aikins named M&T Bank, PNC Bank, and ETC Equities as defendants. Two of those defendants – M&T Bank and PNC Bank – filed motions to dismiss. (ECF 24; 39.)

The District Court concluded that Aikins did "not specify the conduct of or any factual basis for the alleged fraud" and expressed "concern that [Aikins'] claim was filed beyond the [applicable] statute of limitations." (ECF 52, at 3-4.) Accordingly, the District Court granted the defendants' motions and dismissed Aikins' complaint without prejudice.[1] (ECF 52.) Approximately three months later, the District Court issued a text order directing the Clerk to close the case because Aikins had not filed an amended complaint and the time to amend had expired. (ECF 54.) Aikins next filed a "Motion for Clarification" (ECF 56), complaining that the District Court had not disposed of his claims against ETC Equities and that its order dismissing the complaint without prejudice

---

[1] The District Court noted that none of the defendants were served with the complaint and that "failure to effect proper service under Rule 4 [of the Federal Rules of Civil Procedure] is itself a reason for dismissal." (ECF 52, at 1 n.1.) Thus, although ETC Equities did not file a motion to dismiss and was not specifically addressed in the order granting the other defendants' motions to dismiss, it was not a party to the action for purposes of Federal Rule of Civil Procedure 54(b). Gomez v. Gov't of Virgin Islands, 882 F.2d 733, 736 (3d Cir. 1989).

2

did not provide him with instructions for filing an amended complaint. The District Court denied that motion by text order entered July 31, 2023. (ECF 57.)

Almost one year later, on July 5, 2024, Aikins filed a motion for reconsideration under Federal Rule of Civil Procedure 60(b)(1). (ECF 58.) The District Court denied the motion by text order entered July 15, 2024, holding that the Rule 60(b)(1) motion was untimely filed under Federal Rule of Civil Procedure 60(c)(1), which provides that a Rule 60(b)(1) motion must be filed within one year of entry of the judgment challenged. (ECF 59.) Aikins next filed a "Motion for Court to Take a Second Look at Secondary Inadvertences," seemingly seeking reconsideration of the order denying his Rule 60(b)(1) motion. (ECF 60.) The District Court denied that motion by text order entered August 6, 2024. (ECF 61.) Aikins filed a notice of appeal on August 14, 2024. (ECF 62.)

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review the denial of Aikins' motions for abuse of discretion.[2] See Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011); Brown v. Phila. Hous. Auth., 350 F.3d 338, 342 (3d Cir. 2003). We may summarily affirm a decision of the District Court on any basis supported by the record if the appeal does not raise a substantial question. See L.A.R. 27.4; I.O.P. 10.6; Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

---

[2] Aikins' notice of appeal, filed on August 14, 2024, is timely as to only two orders: (1) the July 15, 2024, order denying his Rule 60(b)(1) motion; and (2) the August 6, 2024, order denying his "Motion for Court to Take a Second Look at Secondary Inadvertences." See Fed. R. App. P. 4(a)(1)(A).

The District Court held that, to the extent that Aikins sought to "challenge any of the Court's prior rulings," his Rule 60(b)(1) motion –filed on July 5, 2024 – was untimely "because such orders were entered well over a year ago." (ECF 59.) Insofar as Aikins' Rule 60(b)(1) motion sought to challenge the June 26, 2023, text order closing the case following his failure to file an amended complaint, the Rule 60(b)(1) motion was indeed untimely. See Fed. R. Civ. P. 60(c)(1). But Aikins' Rule 60(b)(1) motion was filed within one year of the July 31, 2023, order denying his "Motion for Clarification." Thus, the District Court erred in holding that Aikins' Rule 60(b)(1) motion was untimely as to "any of the Court's prior rulings."

But even if the District Court had considered the merits of Aikins' Rule 60(b)(1) challenge to the denial of his "Motion for Clarification," relief would not have been available. In the "Motion for Clarification," Aikins suggested that, because the District Court had not disposed of his claims against ETC Equities, he was left "in an interlocutory position regarding any appeal of this matter." (ECF 56.) As noted above, however, ETC Equities was not a party to the action because it was not served with the complaint. See note 1, *supra*. Therefore, had Aikins filed a notice of appeal within 30 days of the order closing the case, the District Court's failure to dispose of the claims against ETC Equities would not have deprived us of jurisdiction for purposes of § 1291. See Gomez, 882 F.2d at 736.

Aikins also complained in the "Motion for Clarification" that the District Court's order granting the motions to dismiss without prejudice did not "indicate any type of allowance to Amend." (ECF 56.) Aikins is correct that the District Court did not provide

4

him with a set amount of time within which to file an amended complaint. But Aikins waited several months before complaining about that failure and, when he finally did so, he failed to submit a proposed amended complaint. See Centifanti v. Nix, 865 F.2d 1422, 1431 n.10 (3d Cir. 1989) (stating that "the better practice to be followed in filing a motion to amend a complaint is to attach with the motion a copy of a proposed amended complaint"); see also D.N.J. Local Civ. R. 15.1 (requiring that a copy of the proposed amended pleading be attached to a motion for leave to amend). Under these circumstances, we conclude that the District Court did not abuse its discretion in denying Aikins' Rule 60(b)(1) motion's challenge to the denial of his "Motion for Clarification."[3]

Because this appeal does not present a substantial question, we will summarily affirm the District Court's judgment.

---

[3] Because there was no merit to Aikins' Rule 60(b)(1) motion, we conclude that the District Court did not abuse its discretion in denying his "Motion for Court to Take a Second Look at Secondary Inadvertences," which sought reconsideration of the denial of the Rule 60(b)(1) motion.